CATHARINE DUPONT v. HULDAH F. STARRING ET AL.

*Boundaries—Special findings—Objection to special question—Verdict.*

A boundary line acquiesced in for fifteen years ought not to be disturbed on a new survey.

In a case of a contested boundary between two city lots, the jury were asked to find specially how long the old line fence had stood and been regarded as the boundary line. *Held* that as the establishment of a line by adverse claim and acquiescence was a subject of dispute, it was to be presumed that the jury supposed the questions contemplated such a state of things, and not merely a case in which no question as to the correctness of the line had ever arisen.

Where special questions to the jury do not meet the whole case, the defect must be pointed out when they are submitted, and if it is not, the special findings are not open to minute criticism.

A verdict should not be sustained where, on the whole special finding, it is reasonably certain that it ought not to be.

Error to Superior Court of Detroit. Submitted January 9. Decided January 20.

TRESPASS. Plaintiff brings error.

*John W. McGrath* for plaintiff in error. Simple possession by the grantee under a mistaken idea that the description in his deed covers more than it really conveys, cannot constitute adverse possession, *Grube v. Wells*, 34 Ia., 148; *Dow v. McKenney*, 64 Me., 138; *Thomas v. Babb*, 45 Mo., 384; *Russell v. Davis*, 38 Conn., 562; there must be an intent to claim the land, *Bradley v. West*, 60 Mo., 33; an assertion of title, *Hamilton v. Wright*, 30 Ia., 480; the possession must be hostile, *Morse v. Hewett*, 28 Mich., 492; *Hamblin v. Warner*, 30 Mich., 97; *Davenport v. Sebring*, 52 Ia., 364.

*Charles M. Swift* and *Henry M. Campbell* for defendants in error. Acquiescence in a boundary cannot be inferred from the mere failure to object to it, *Chapman v. Crooks*, 41 Mich., 595.

COOLEY, J. This is an action of trespass *quare clausum*, and involves the right to a strip of land a few inches in width, which the parties respectively claim as constituting a part of premises occupied by them in the city of Detroit.

The disputed land is on block 34 of the La Brosse farm. Lot 4 of that block was conveyed by George B. Russell to William Cowie, Dec. 6, 1850; by Cowie to John P. McKeown, April 28, 1863; and by McKeown to plaintiff, July 5, 1874. Lot 3 adjoining lot 4 on the east has been owned and occupied for many years by the defendants, or some of them.

When the plaintiff became owner of lot 4 there was an old fence standing on the west line of the strip in dispute, and enclosing it with lot 3 or as a part of it. Defendants claim that this fence stood on the true line between lots 3 and 4. Plaintiff procured a survey of the lots to be made in 1875, which satisfied her that the old fence was not on the true line but several inches to the west of it, whereupon she erected a fence where she claimed the true line to be. Defendants tore down this new fence in 1878, and this action was then brought.

It was shown in evidence that previous to the conveyance to the plaintiff the parties through whom she derived title had regarded the old fence as the boundary line between the two lots. The jury, however, reached the conclusion that this was an error, and that the true line was as the plaintiff claimed. They therefore found a general verdict in favor of the plaintiff. The following were special questions put to them, and the answers thereto:

*Question:* "How long do you find that the old fence had stood upon the line where it was situated when Mrs. Dupont came into possession of lot 4?" *Answer:* "Over fifteen years." *Question:* "How long do you find the old fence had been regarded as the boundary line between lots 3 and 4 by plaintiff's grantors, McKeown and Cowie, if for any time?" *Answer:* "Over fifteen years."

The judge of the Superior Court was of opinion that

these answers were inconsistent with the general verdict, and entitled the defendants to judgment; and he ordered judgment for them. The plaintiff brings error.

It has been repeatedly held by this court that a boundary line long treated and acquiesced in as the true line, ought not to be disturbed on new surveys. *Smith v. Hamilton,* 20 Mich., 438; *Joyce v. Williams,* 26 Mich., 332. Fifteen years' recognition and acquiescence are ample for this purpose (*Stewart v. Carleton,* 31 Mich., 270), and in view of the great difficulties which often attend the effort to ascertain where the original monuments were planted, the peace of the community, requires that all attempts to disturb lines with which the parties concerned have long been satisfied should not be encouraged. *Diehl v. Zanger,* 39 Mich., 601.

We have had some doubt whether the special findings in this case were sufficient to show that there had been a claim on the part of the defendants, of the old fence as the true boundary line, and an acquiescence in this claim by the plaintiff's grantors for the period named. The finding is that the plaintiff's grantors had *regarded* the old fence as the boundary line; not that the defendants had claimed it as such, or occupied up to it adversely, or that any claim they made respecting it, if any, was known to and expressly or tacitly assented to by the owners of lot four. It is justly said that those owners might have supposed the fence was the line and looked upon it as such, without ever having had any communication with the defendants on the subject, or without knowing what claim, if any, was made by them or either of them, and without therefore putting themselves in position where they would be precluded from showing that the facts were different from what they supposed.

But as the establishment of a line by claim and acquiescence appears from the record to have been a subject of dispute on the trial, we do not doubt that the

jury supposed their special findings covered the case. And they had a right to suppose this, because the special questions must have been submitted to them as sufficient for the purpose. If they were defective, the attention of the court should have been called to the fact at the time the questions were submitted. Special findings are not to be criticised closely under such circumstances; and especially should not a verdict in favor of the plaintiff be sustained when on the whole finding it is reasonably certain that it ought not to be.

The plaintiff complains that certain requests for instructions which were made on her behalf were refused. We think all to which she was entitled were in substance given. Some of the requests were founded upon the idea that if the old fence was not built on the true line, defendants could have acquired no rights by anything short of twenty years' adverse possession; but this is inconsistent with the previous decisions of this court already cited.

We are, of opinion that the judgment must be affirmed with costs, and it will be ordered accordingly.

The other Justices concurred.