IRA WYMAN v. THE VILLAGE OF ST. JOHNS.

*Highways—Encroachment—Adverse possession.*

Complainant, on being served with a notice to remove the fence in front of certain lots owned by him in the defendant village, upon the claim that it encroached upon a public street, filed a bill to restrain the village authorities from interfering with the fence. The proofs showed that the lots were purchased by the complainant 13 years before the filing of the bill, and that the fence which he afterwards built encroached upon the street

as laid out, and that the street had been laid out and traveled for about 30 years. And it is held that as complainant's deed does not cover the premises in dispute, and adverse possession, upon which the bill seems to have been founded, is not shown, no reason appears why complainant should be granted the relief prayed for.[1]

Appeal from Clinton. (Daboll, J.) Submitted on briefs April 11, 1894. Decided June 2, 1894.

Bill to restrain defendant from interfering with complainant's fence, trees, and sidewalk. Complainant appeals from a decree dismissing his bill. Decree affirmed. The facts are stated in the opinion.

*Tinkham & Clark* (*Norton & Weimer*, of counsel), for complainant.

*Will H. Brunson*, for defendant.

Hooker, J. The complainant is the owner of lots 11 and 12, of block 118, of the village of St. Johns. Notice being served upon him to remove his fence upon the north side of said lots, upon the claim that it encroached upon Gibbs street, he filed the bill in this case to restrain the authorities of the village from interfering with the fence

---

[1] For cases bearing upon the adverse possession of land within the limits of a public street, and the acquirement of title thereby, see:

1. *City of Big Rapids v. Comstock*, 65 Mich. 78, where, in a suit to enjoin a property-owner from erecting a building alleged te encroach upon a public street in a city, the evidence disclosed that the ground occupied by the building had been in the open, continued, and adverse possession of the defendant and his grantors for 25 years, and had never been used as a street. And it was held that the owner of the land had gained title, as against the public, to the ground so actually occupied for such time.

2. *Flynn v. City of Detroit*, 93 Mich. 590, holding:

*a*—That it is settled in this State that title may be acquired by adverse possession of property within the limits of streets; citing *City of Big Rapids v. Comstock*, 65 Mich. 78; *Village of Essexville v. Emery*, 90 Id. 183.

*b*—That the use of a portion of the street in front of a lot, in a manner inconsistent with and in violation of the statute giving the lot-owner license to use it in a prescribed manner, may establish his right to the land so used by adverse possession.

and trees upon the premises, and from molesting a sidewalk which he had built within the boundaries of said street, but not where the same had been directed to be laid. The circuit judge dismissed the bill.

We think the decree of the circuit court was right. The brief of complainant's counsel concedes that the proof does not establish the possession by complainant which is alleged in the bill of complaint,[1] and that but two questions remain, viz.: (1) The exact location of the north boundary line of complainant's lot; (2) the length of time that Gibbs street had been laid out, opened, and traveled as a public highway.

The proof shows that the lots were purchased by the complainant about 15 years ago, and that he fenced them later, where he thought the line was, and that he did not intend to encroach on the street. It appears to our satisfaction that the fence was not built upon the true line, but encroached upon the street as laid out. It is also clear that Gibbs street has been laid out and traveled for about 30 years. As complainant's deed does not cover the premises in dispute, and adverse possession, upon which the bill seems to have been founded, is not shown, no reason appears why complainant should be granted relief. His brief says that—

"The defendant seems to be undertaking to widen the street in this manner in order to avoid the allowance of damages to the adjacent owners, as the legal way contemplates."

On the other hand, it may be justly said that the complainant commenced this proceeding to wring from the public damages for taking ground to which, to say the least, he has no title, either by grant or possession.

It is contended by counsel for defendant that the statute

---

[1] The bill alleges an undisputed possession of the premises in question for upwards of 15 years.

(How. Stat. § 1371 *et seq.*) provides a method of settling such controversies as this in an action therein prescribed, and that the evidence does not indicate an intention upon the part of the authorities to attempt to disturb the possession of the complainant without giving him an opportunity of defending his rights under such statute, if he should care to assert them, as provided in section 1373. *Township of Lebanon v. Burch,* 78 Mich. 641. Counsel for the defendant claims that the statute mentioned applies to the village of St. Johns, citing its charter (Laws of 1867, vol. 2, p. 137, § 3), giving the power to the board of trustees to proceed under the general law applicable to townships,—which does not seem to be disputed,—and asks that this question be passed upon; but we prefer to leave it undetermined, as no argument is made, or authority, beyond the statute, cited, by either party.

The decree of the circuit court will be affirmed, with costs.

The other Justices concurred.