## DARROW *v.* VILLAGE OF HOMER.

ADVERSE POSSESSION—VILLAGE STREET—NONUSER.

Where a grantee of village lots abutting on land platted as an alley, but never used or occupied as such by the public or the village authorities, takes possession of all the land his grantor claimed to own, including that so platted, and holds the same adversely for a term which, together with his grantor's term, exceeds the period of limitations, he acquires a good title as against the village, although the land platted as an alley was not literally included in his deed. *Wyman* v. *Village of St. Johns*, 100 Mich. 571, distinguished.

Appeal from Calhoun; Smith, J. Submitted October 6, 1899. Decided December 12, 1899.

Bill by Charles E. Darrow against the village of Homer to enjoin the opening of an alley. From a decree dismissing the bill, complainant appeals. Reversed.

*Le Bar Tompkins* (*Edward Darrow*, of counsel), for complainant.

*M. H. Nichols*, for defendant.

MOORE, J. The complainant has appealed from a decree dismissing his bill of complaint, which was filed for the purpose of restraining defendant from opening an alley through a block in the village of Homer. A reference to the annexed plat, which, so far as its lines are concerned, is a copy of the plat as recorded, will aid in understanding the situation. The bill was filed in June, 1897. The complainant obtained the deed of his lots in March, 1883, from Dr. Collins and wife and Mr. Gibbs, trustee. It conveys lots 76, 77, and 78, situated in the village of Homer, according to the plat thereof as recorded in the office of register of deeds. It was the opinion of the circuit judge that complainant, under his conveyance, got

no rights in the alley, and had not been in possession long enough when the bill was filed to give him a right to hold by adverse possession, and for that reason he dismissed the bill.

The village of Homer was platted in 1837, and the plat was recorded. The streets which bound this block have all been worked by the village authorities, and the alley through the block east of this one has been opened and used as an alley by the public. There has been no opening of the alley through the block containing complainant's lots by the village authorities, and no formal action was ever taken by them to open the alley until shortly before the bill was filed, when a resolution was adopted instructing the surveyor to open the alley. Lots 82, 83,

and 84, lying just south of complainant's lots, were owned by Mr. Parks and his family for upwards of 50 years, and the evidence shows that the owner of these lots occupied for a long period of time to the center of what is shown on the plat as an "alley."    At the opening of the alley, and near its center, but in the street, a tree was planted in 1864, which is now upwards of a foot in diameter.    A barn was put up on the land now occupied by Darrow 17 years before the bill was filed, which is shown by the plat and survey made by the village surveyor to extend upwards of five feet into the alley, and it is stated by the witnesses that the barn was put upon what was supposed at that time to be the center of the alley.    The evidence also discloses that, prior to the building of the barn, a fence was built upon what was supposed to be the center of the alley, as the boundary line between the lots south of the alley and those north of the alley.    There were other trees set out in the alley, and some other outbuildings were partly in the alley.    The record also discloses that in November, 1869, Dr. Collins obtained a deed reading in part as follows:    "Said party of the first part conveys the south half of village lots 77 and 78, in said village, according to the plat thereof as recorded in the office of register of deeds for said county; and the said party of the second part agrees not to open the alley on the south end of village lots 77 and 78."    Dr. Collins did not open the alley, but occupied his half of it, until he deeded lots 76, 77, and 78 to complainant, in March, 1883.    The deed just mentioned to Dr. Collins was delivered by him to Mr. Darrow at the same time he made the deed to Mr. Darrow, and the latter took possession of all the land then occupied by Dr. Collins, and continued in possession of it up to the time of the filing of the bill.

The solicitor for defendant relies upon the case of *Wyman* v. *Village of St. Johns*, 100 Mich. 571, to sustain the decree.    The cases are unlike.    In the *Wyman Case* the street had been laid out and traveled for 30 years. Complainant's deed did not cover the premises in dispute,

and adverse possession for the requisite time was not shown. Here the alley was platted, but had never been used by the public or by the village authorities; and, while the alley was not included in the literal reading of the deed, it had been occupied by the grantor of the complainant for a long time when the deed by him to the complainant was made, and possession of the alley and the lots described in the deed was given to him at the same time, and remained with him until the bill was filed. The possession of the complainant and his grantor was for a much longer time than the statute requires to obtain title by adverse possession. We think the case is governed by *Field* v. *Village of Manchester*, 32 Mich. 279; *City of Big Rapids* v. *Comstock*, 65 Mich. 78; *Village of Grandville* v. *Jenison*, 84 Mich. 54; *Village of Essexville* v. *Emery*, 90 Mich. 183; *Flynn* v. *City of Detroit*, 93 Mich. 590.

The decree is reversed, and the temporary injunction will be made permanent.

The other Justices concurred.