LANG v. OSCEOLA CONSOLIDATED MINING CO.

1. ADVERSE POSSESSION—COLOR OF TITLE—POSSESSION OF PART—
   EXTENT OF POSSESSION.
   > Continued occupation during the statutory period of some part
   > of a tract of land to which the occupier has color of title by a
   > written instrument, no other person being in adverse occu-
   > pancy of any part of the tract, confers title by adverse pos-
   > session to the entire tract.

2. TENANCY IN COMMON—CREATION OF TENANCY—DEEDS—EFFECT.
   > A person owning one-fourth of a tract of land under a properly
   > recorded deed, and the remaining three-fourths under an un-
   > recorded deed, conveyed the whole thereof by deed which re-
   > mained unrecorded for many years, during which time de-
   > fendant, after acquiring by quitclaim the apparent title of
   > the heirs of the original owner to the three-fourths, brought
   > partition proceedings against plaintiffs, the heirs of the ap-
   > parent owner of the one-fourth interest, purchased at the
   > sale, and paid them for that interest; subsequently plaintiffs
   > took a deed from the grantee under the unrecorded deed,
   > caused all deeds to be recorded, and brought ejectment
   > against defendant. *Held*, that the claim that defendant and
   > plaintiffs' immediate grantor were tenants in common and
   > that defendant's possession was not adverse to plaintiffs' title
   > was not tenable, since the unrecorded deed to plaintiffs'
   > grantor purported to and did convey the entire estate and
   > could not be said to convey the interest acquired by the unre-
   > corded deed and not that acquired by the recorded deed.

Error to Houghton; Streeter, J. Submitted June 8,
1906. (Docket No. 67.) Decided July 23, 1906.

Ejectment by Annie S. Lang, John Abner Sherman,
and Rosa Sherman against the Osceola Consolidated Min-
ing Company. There was judgment for defendant on a
verdict directed by the court, and plaintiffs bring error.
Affirmed.

· *P. H. O'Brien* (*C. R. Brown* and *R. T. Looney*, of counsel), for appellants.

*Ball & Stone* (*Louis Marshall*, of counsel), for appellee.

CARPENTER, C. J.    This is an action of ejectment to recover an undivided three-fourths interest of the S. W. ¼ of section 5, township 56 N., of range 32 W., in the county of Houghton, in this State.    One Alfred Williams was the original owner of this property.    On October 31, 1859, by warranty deed he conveyed an undivided one-fourth interest to Abner Sherman.    (Abner died in 1863. He was the husband of plaintiff Rosa and the father of the other two plaintiffs.)    This deed was at once recorded in the office of the register of deeds for the county of Houghton.    On the 27th of July, 1860, said Williams conveyed to said Sherman an undivided three-fourths interest in said land.    This deed was recorded in the county of Ontonagon on the 18th of September, 1860, and was not recorded in the county of Houghton until the 21st of July, 1899.    On the 8th of November, 1862, said Abner Sherman executed a quitclaim deed conveying the whole of said land to George C. Jones.    This deed was recorded in the county of Ontonagon November 10, 1862, and was not recorded in the county of Houghton until January 8, 1900.    On the 6th of January, 1900, George C. Jones and wife by quitclaim deed conveyed this land to plaintiffs. The foregoing is plaintiffs' chain of title.

We will now state defendant's chain of title.    December 24, 1867, after the death of Alfred Williams, his son, James A. Williams, by quitclaim deed, conveyed the undivided three-fourths of said land to E. N. Wilcox.    This deed was at once recorded in Houghton county.    On the 19th of November, 1868, Wilcox by warranty deed, reciting the consideration of $1, conveyed this undivided three-fourths interest in said land to Elisha T. Loring, trustee.    This deed was at once recorded in Houghton county.    July 12, 1875, Elisha T. Loring, trustee, by

quitclaim deed conveyed said undivided three-fourths interest in said land to the Kearsarge Mining Company, a Michigan corporation. This deed was at once recorded in Houghton county. Shortly after said interest was deeded to the Kearsarge Mining Company, that company instituted in the circuit court for the county of Houghton, in chancery, a partition suit against the three plaintiffs in this case, therein alleging that it, said Kearsarge Mining Company, owned a three-fourths interest in said land and the plaintiffs the remaining one-fourth. A decree was entered in this suit declaring the ownership in said land to be as averred in the bill of complaint (it will be observed that this corresponded with the record in the office of the register of deeds for the county of Houghton) and ordering the premises to be sold and the proceeds divided. In accordance with this order the land was sold at public auction by a circuit court commissioner. At that sale the Keasarge Mining Company became the purchaser. The purchase price was $4,000. This was duly paid and divided, plaintiffs receiving $1,000. The commissioner conducting this sale in pursuance of the order of the court executed and delivered to the said Kearsarge Mining Company a deed of the entire of said premises, dated March 18, 1878. This deed was recorded in Houghton county March 20, 1878. On the 28th of October, 1897, the Kearsarge Mining Company deeded said land to defendant. This deed was recorded November 3, 1897, in Houghton county. For many years prior to the commencement of this suit defendant and its grantor, the Kearsarge Mining Company, was in possession of this land. The facts respecting this possession are stated in plaintiffs' brief as follows:

"(a) There was a log house built on the premises in dispute in 1877. It occupied a piece of ground about the size of an ordinary village lot, and said house was occupied continuously by the tenants of the defendant or their predecessors in title, from that time until the commencement of this action on April 25, 1902.

"(*b*) For five months in 1883, the Kearsarge Mining Company and the predecessors in title of defendant were engaged in exploring and sinking pits in said premises.

"(*c*) One Bollmann, in the employ of said Kearsarge Mining Company, was cutting timber on said premises in 1886, 1887, 1888, and 1889.

"(*d*) There was no further work of any kind done until 1898 when the Kearsarge Mining Company began to sink No. 3 shaft on said premises.

"(*e*) Ever since 1898, the Kearsarge Mining Company or the defendant has conducted mining operations on said premises and made improvements incident thereto.

"(*f*) That the Kearsarge Mining Company paid all the taxes assessable upon and against the entire of said land from the 15th of March, 1878, to October 28, 1897, and since then the defendant has paid the taxes."

It should also be stated that during this time no part of the land has been in the adverse possession of any other person. The trial court directed a verdict in defendant's favor upon the ground that defendant had acquired title by adverse possession. Plaintiffs ask us to reverse the judgment entered on said verdict.

If the Kearsarge Mining Company was not a tenant in common with plaintiffs' grantor, Jones, we think it clear that the latter's title has been extinguished by adverse possession. The commissioner's deed executed in pursuance of the order of the court in the partition suit gave color of title to the whole of said land. During the entire time that has elapsed since that deed was executed until this suit was commenced (24 years) defendant or its grantor has been in actual occupancy of a part of the land, and no one has been in adverse occupancy of any part of it. The principle of law controlling this case is clearly and correctly stated by the supreme court of Minnesota, speaking through Mitchell, J., as follows:

"The general doctrine of the courts in the United States is that where the occupant, or those under whom he claims, enter into possession under claim of title, founding such claim upon some written instrument as being a conveyance of the premises in question, and there has

been continued occupation of some part of the land included in such conveyance, he or they will be deemed to have been in the adverse possession of the whole of such premises if not in the adverse possession of any one else." *Murphy* v. *Doyle*, 37 Minn. 113.

This case was distinguished in *Turner* v. *Stephenson*, 72 Mich. 409 (2 L. R. A. 277); and approved in *Clark* v. *Campau*, 92 Mich. 573. See, also, *Fuller* v. *Swensberg*, 106 Mich. 305; *Millerd* v. *Reeves*, 1 Mich. 114.

But plaintiffs contend that "George C. Jones was a tenant in common" of defendant and its grantor, and that "whatever possession the defendant ( and its grantor) had will not be presumed to be adverse as against him." There is no force to this contention unless there was a tenancy in common. The ground of plaintiffs' contention that there was such a tenancy is this, viz., that the only title defendant has to the land in controversy is that acquired by the commissioner's deed in the partition suit (they claim that according to *Peters* v. *Cartier*, 80 Mich. 124, the earlier deeds did not cut off the title conveyed by the unrecorded deed to Sherman, which was by him transferred to Jones), and that this deed conveyed the undivided one-fourth of the land, then standing of record in the name of Abner Sherman, to defendant, and that the remaining three-fourths of the land was owned and continued to be owned by Jones and his grantee. We think this contention unsound. Abner Sherman, at the time he deeded to Jones, owned the whole of the land in controversy. Sherman's deed to Jones purported to convey the whole of said land. We must deny plaintiffs' contention that this deed would convey the interest acquired by the unrecorded deed and would not convey the interest acquired by the recorded deed. It conveyed the whole of said land. If Jones' title was not cut off by the sale under the partition proceedings (and if it was plaintiffs cannot recover), he continued to own the whole of said land. His interest was never that of a tenant in common and it cannot, for that reason, be claimed that the possession of defendant

and its grantor was not adverse. The trial court correctly decided that defendant had acquired a title by adverse possession.

The judgment is affirmed.

MCALVAY, BLAIR, OSTRANDER, and MOORE, JJ., concurred.