## TRIECE *v.* CITY OF SOUTH HAVEN.

1. ADVERSE POSSESSION—EXTENT OF POSSESSION—DESCRIPTION IN DEED—EXTENSION OF LOT LINES.

   That complainant and his grantors took title to lots by description and numbers according to the recorded plat of the village, did not preclude complainant from claiming title by adverse possession of anything beyond the lot lines.

2. SAME—EVIDENCE—SUFFICIENCY.

   On a bill by a lot owner against a city to restrain it from disturbing complainant's sidewalk and moving it upon his premises, evidence examined, and *held*, that the evidence of adverse possession by complainant and his grantors, of the strip of land in dispute, was abundant to give complainant title.

3. JUDGMENT — RELIEF GRANTED — CONFORMITY TO PLEADINGS — PRAYER FOR GENERAL RELIEF.

   On a bill against a city to restrain it from disturbing complainant's sidewalk and moving it over upon his lots, complainant claiming title by adverse possession of a strip of land claimed by the city to be within the platted limits of the street, a decree quieting complainant's title to the disputed strip is not objectionable as not prayed for, there being a prayer for general relief, and the relief granted not being repugnant to that prayed for.

   154 MICH.—9.

Appeal from Van Buren; Des Voignes, J.   Submitted June 10, 1908.   (Docket No. 55.)   Decided September 10, 1908.

Bill by William G. Triece against the city of South Haven to enjoin an encroachment upon complainant's premises.   From a decree for complainant, defendant appeals.   Affirmed.

*Cook & Chandler*, for complainant.

*Andrew Donovan* and *Alfred J. Mills*, for defendant.

McALVAY, J.   Complainants, husband and wife, tenants by the entireties, owned two lots in the city of South Haven, and filed their bill of complaint against defendant municipal corporation to restrain its officers and agents from interfering with and disturbing the sidewalk in front of said lots, and from moving the same in and upon said lots as they without authority were threatening and undertaking to do; complainants claiming that the cement sidewalk as laid was upon the true line of said lot, and also that they and their grantors had occupied to said line, claiming title thereto, since 1858.   After suit was brought Martha J. Triece died.   This was suggested upon the record, and the suit proceeded on behalf of complainant as survivor and sole owner of the premises.   On filing the bill of complaint, a temporary injunction issued.   Defendant answered, admitting that it claimed that the north boundary line of Huron street was about four feet farther north than is claimed by complainant, and that the council passed a resolution requiring the said sidewalk to be removed and placed upon the legal line, insisting that complainants are encroaching upon the street, and also admitted that it intended to compel complainants to put the sidewalk upon the true line as claimed by the city.   Issue was joined, and a hearing had upon the merits.   The court granted the prayer of the bill, and made the injunction permanent.

Defendant asks us to reverse the decree, and urges that complainant cannot assert title to this strip of land by adverse possession, for the reason that he and his grantors took title of these lots by description and numbers according to the recorded plat of the village, and therefore is precluded from asserting anything beyond the lot lines. Complainant claimed and offered evidence tending to show that these lots had been inclosed and occupied for a great number of years on the line he insists is the line of the street; that soon after platting a barn was built up to this line, and that a fence was built; that shade trees were planted on the outer line of the walk; that later a sidewalk was built and renewed; that the authorities knew of this and acquiesced in it. The record shows that the shade trees are in a line with other shade trees on the same side of the street which have been set out for a long time. When this cement walk was put down, the rotten ends of fence posts of the old fence were found; also, what appeared to be monuments of a survey showing rotten stakes and stones around them. There was substantial evidence that this was the original line between the lot and street. The present walk is laid several inches farther north than the line complainant contends for. The evidence of adverse possession was abundant, which, under the rule laid down by this court, would give complainant title to such part of the street, if any, he and his grantors occupied. *Flynn* v. *City of Detroit*, 93 Mich. 590, and cases cited.

The other questions raised as to the sufficiency of the proofs need not be discussed. The evidence in the case supports the decree granted.

Defendant insists that the bill of complaint is not sufficient to warrant a decree quieting title because not prayed for. There was a prayer for general relief, and the relief granted is not repugnant to that prayed for. The decree does not prohibit the defendant from taking any proper step to acquire title under and by reason of its right of eminent domain; but it does fix the line of these

lots and the highway as between the parties, and confirms the title of complainant in and to the lots as claimed by him.

The decree of the circuit court is affirmed, with costs.

GRANT, C. J., and BLAIR, MOORE, and CARPENTER, JJ., concurred.