GILDEA *v.* WARREN.

1. ADVERSE POSSESSION — TACKING SUCCESSIVE POSSESSIONS — BOUNDARIES.

Plaintiff, in an action of ejectment, was entitled to have her case submitted to the jury on the question of adverse possession of her house and lot, which she had owned less than 15 years, but which had without dispute been included by a fence within the boundaries of her yard, during more than 30 years and which her predecessors in title had held in possession.

2. SAME—BOUNDARIES.

Upwards of 15 years' recognition of and acquiescence in boundaries of real property amply support a claim for the premises included thereby, which ought not to be upset by new surveys based on alleged original monuments.

Error to Wayne; Mandell, J. Submitted October 11, 1912. (Docket No. 51.) Decided November 8, 1912.

Ejectment by Mary Gildea against Mary B. Warren. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Sloman & Sloman,* for appellant.

*Campbell, Bulkley & Ledyard* (*Joel H. Prescott,* of counsel), for appellee.

MOORE, C. J. Plaintiff brought this action of ejectment to recover possession of a strip of land, which is described as follows:

"Commencing at a point on the north line thereof, as above described, about thirty-five and $\frac{91}{100}$ feet west of the west street line of said Twelfth street; thence running southerly and at right angles to said line one and $\frac{33}{100}$ feet; thence westerly about nine and $\frac{66}{100}$ feet; thence on a curve northerly to a point on the said north line of said plot of ground about ten and $\frac{33}{100}$ feet from the place of

beginning; thence easterly along said north line of said plot of ground ten and $\frac{88}{100}$ feet to the place of beginning."

This description is between the residences occupied by the parties to this litigation.

At the close of plaintiff's testimony, the court directed a verdict for the defendant, basing such direction upon the decision of this court in *Sheldon* v. *Railroad Co.*, 161 Mich. 503 (126 N. W. 1056).

Title to the premises of plaintiff is traced back to ownership by one Mary Ann Ockford, who, by warranty deed, dated June 8, 1875, granted to John T. Martin and James Martin lot No. 39, in block 3, of part of the Thompson farm, so-called, according to the recorded plat. By warranty deed, dated February 17, 1886, John T. Martin and his wife conveyed to James Martin the north half of this property, which includes the plaintiff's premises, but not the strip in dispute, which appears to be a part of the adjoining lot 40. By warranty deed, dated March 8, 1886, James Martin and his wife conveyed the north half of this property to Patrick Sullivan, who by warranty deed, dated September 7, 1887, conveyed the same to Carl D. Brandt and Rosa Brandt, his wife. By warranty deed, dated May 9, 1889, Brandt and wife conveyed the same description to the plaintiff, Mary Gildea, and her sister, Catherine Gildea. By warranty deed, dated August 14, 1902, Catherine Gildea conveyed her interest in the premises to her sister, the plaintiff. All the conveyances included the hereditaments and appurtenances thereunto belonging or appertaining.

It is the claim of the plaintiff that her house was built where it now stands more than 50 years ago, and that the strip of land in controversy had been occupied as part of the yard surrounding the residence for more than 30 years, and up to the time in 1901 when she was dispossessed by the defendant. She offered testimony tending to support her claim. It will be noticed by referring to the date of her deed that her own possession did not continue for 15 years. Was the court right in holding that the case of

*Sheldon* v. *Railroad Co.*, 161 Mich. 503 (126 N. W. 1056), was controlling? A reference to that case will show it is clearly distinguishable. In the prevailing opinion in that case, the court used the following language:

" It is important to bear in mind that in every conveyance of the several grantors of the complainant, after the deed of right of way was given to the defendant Jackson, Lansing & Saginaw Railroad Company, there was the following exception:

" ' Except, however, all that part of said above-described piece or parcel of land heretofore conveyed by Stanislaus Legault and wife to the Jackson, Lansing & Saginaw Railroad Company by deed, dated the 18th day of September, 1880.'

" It clearly appears from this record that there is no evidence of any parol permission, or authorization of any kind, given by the grantor Bell to the complainant, to take the place of the said Bell in the wrongful possession which Bell held of the strip of land in controversy in this case. Nor is there any evidence in the record of any parol permission or authorization of any of the grantors in the deeds hereinbefore referred to to their grantees to take the places of their grantors in the wrongful possession of said described strip of land. The record also shows that there was no parol agreement, understanding, permission, or authorization respecting the premises which complainant's grantor had held, or would deliver."

In the case before us there is no exception of the disputed strip in the various conveyances, and there is an abundance of testimony that the several grantees took possession of the disputed strip with the rest of the premises, regarding it as conveyed.

In *Dupont* v. *Starring*, 42 Mich. 492 (4 N. W. 190), this court held:

" It has been repeatedly held by this court that a boundary line long treated and acquiesced in as the true line, ought not to be disturbed on new surveys. *Smith* v. *Hamilton*, 20 Mich. 438 [4 Am. Rep. 398]; *Joyce* v. *Williams*, 26 Mich. 332. Fifteen years' recognition and acquiescence are ample for this purpose (*Stewart* v. *Carleton*, 31 Mich. 270); and in view of the great difficulties which often attend the effort to ascertain where the orig-

inal monuments were planted, the peace of the community requires that all attempts to disturb lines with which the parties concerned have long been satisfied should not be encouraged. *Diehl* v. *Zanger*, 39 Mich. 601."

See, also, *Green* v. *Anglemire*, 77 Mich. 168 (43 N. W. 772); *Sauers* v. *Giddings*, 90 Mich. 50 (51 N. W. 265); *Flynn* v. *City of Detroit*, 93 Mich. 590 (53 N. W. 815); *Lamoreaux* v. *Creveling*, 103 Mich. 501 (61 N. W. 783); *Darrow* v. *Village of Homer*, 122 Mich. 229 (81 N. W. 262); *Lang* v. *Mining Co.*, 145 Mich. 370 (108 N. W. 678); *Triece* v. *City of South Haven*, 154 Mich. 129 (117 N. W. 555).

We think the case comes within the reasoning of these cases, and that the case should have been submitted to the jury under proper instructions.

Judgment is reversed, and a new trial is granted.

STEERE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.