SMITH v. CRANDELL.

1. ADVERSE POSSESSION—PRESUMPTION OF PERMISSIVE USE—EVIDENCE.

Presumption of permissive use of 3.9' strip of land to which appellants had record title but which had been used for more than statutory period by appellees and their predecessors in title, who occupied adjoining lots, was overcome by credible evidence that no permission had ever been granted to plaintiffs and their predecessors, and could not be weighed against the proofs of defendants claiming title by adverse possession (CL 1948, § 609.1).

2. SAME—BURDEN OF PROOF—EVIDENCE.

Plaintiffs claiming title to 3.9' disputed strip of land to which defendant-appellants had record title sustained their burden of proof by showing that in each of the conveyances referred to in plaintiffs' chain of title the grantee or grantees took possession of such strip as a portion of the land conveyed, that there was no break in the continuity of the adverse possession for more than the statutory period, and that it was also visible, notorious, distinct, and hostile (CL 1948, § 609.1).

3. SAME—ACTUAL KNOWLEDGE OF ADVERSE USER.

Actual knowledge by record title holders and their predecessors in title of the adverse holding by plaintiffs and their predecessors is not required, where facts indicate that as owners and occupants of contiguous land they should have had such knowledge.

REFERENCES FOR POINTS IN HEADNOTES
[2] 1 Am Jur, Adverse Possession § 151.
[3] 1 Am Jur, Adverse Possession § 238.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted October 11, 1951. (Docket No. 42, Calendar No. 45,207.) Decided January 7, 1952.

Bill by Hersel G. Smith and wife against Theodore C. Crandell and others to quiet title to real estate. Decree for plaintiffs. Defendants Crandell appeal. Affirmed.

*J. Donald Murphy,* for plaintiffs.

*Reber & Reber,* for defendants Crandell.

*Mitts & Smith,* for defendants Palmer.

CARR, J. Plaintiffs brought suit in circuit court to quiet title to certain land in the city of Fremont, Newaygo county. The bill of complaint filed alleged the right to the relief sought on the ground of adverse possession by the plaintiffs and their predecessors in title for more than the statutory period.[*] Defendants Crandell are the record title owners of a parcel of land described as follows:

"Commencing 88 feet north of the southeast corner of lot 10, block 26 of the Empire Company's Plat of the village of Fremont Center, now city of Fremont, Michigan, according to the recorded plat thereof, running thence west 88 feet, thence north 44 feet to the middle line of alley, according to said plat, thence east 88 feet, thence south 44 feet to the place of beginning."

For many years past there has been located a building on the property above described, the south wall of which is 3.9 feet from the south line of the lot as set forth in the description. Said building faces Division street on the east. The land in controversy

---

[*] See CL 1948, § 609.1 (Stat Ann § 27.593).

here is the parcel between the building and the south line of the lot to which Mr. and Mrs. Crandell own the title of record. Plaintiffs own and occupy a lot lying south of said building, and defendants Palmer own a lot similarly situated adjoining plaintiffs' property on the east. Each lot is described as 22 feet in width and 88 feet in depth. The buildings on each face Main street, to the south.

The strip of land in question, to which plaintiffs claim to have acquired title by adverse possession is, as indicated, 3.9 feet in width and extends from Division street on the east in a westerly direction for a distance of 44.92 feet. It is a portion of a strip of land 10 feet in width between the rear of the buildings on the lots of plaintiffs Smith and defendants Palmer and the building on the lot of defendants Crandell. The bill of complaint alleged that in 1945 defendants Palmer undertook to convey to plaintiffs that portion of the property in dispute lying immediately north of the north line of the lot to which Mr. and Mrs. Palmer then held the record title. It was further alleged that because of a mistake on the part of the scrivener the description in the deed was not correct, and plaintiffs sought reformation to the end that such description might accord with the intention of the parties. Defendants Palmer by their answer conceded the right of the plaintiffs to reformation and have not appealed from the provisions of the decree of the trial court granting such relief.

On the trial of the case defendants Crandell relied on their record title, denying that plaintiffs had acquired title to the strip of land between the south wall of their building and their south lot line, as described in the conveyances in their chain of title, by virtue of adverse possession by plaintiffs and defendants Palmer and prior owners under whom they claim. After listening to the proofs of the parties the trial court came to the conclusion that

plaintiffs had by a preponderance of the evidence established their claim to the land in question. A decree was entered accordingly, and defendants Crandell have appealed.

On the trial of the case plaintiffs offered proof tending to establish that they and their predecessors in title had acquired and held their lot with the understanding that its north line was the south wall of the building located on the property to which defendants Crandell now own the legal title, and that the strip of land in dispute had been used and occupied accordingly. A like showing was made as to defendants Palmer. The testimony of a prior owner of both lots was introduced by plaintiffs and is relied on by them as supporting their claim. The witness acquired his title to the Palmer lot in 1904 and to plaintiffs' lot in 1908. It was his testimony in substance that the land between the buildings on his lots and the building on appellants' lot was considered by him to be his property, and that it was used as a private alley to serve the businesses conducted on his lots. He testified further that insofar as he was aware no other person or persons claimed title to any portion of the 10-foot strip. In 1926, he conveyed both lots, indicating to the purchaser of each that the north line was the south wall of the building located on the property to the north. It further appears in evidence that the purchasers paved the strip to its full width in order to facilitate its use for their purposes, and that this work was done in either 1926 or 1927.

In 1938, the plaintiffs purchased the lot now owned by them, and defendants Palmer acquired title to their lot in 1943. The evidence justifies the conclusion that each grantor made conveyance, and that the grantees purchased, with the understanding and assurance that said lots included the strip of land in question. In 1945, plaintiffs constructed a one-

story building extending entirely across the strip. While the work was in progress appellants purchased and occupied their lot, but made no objection to plaintiffs' action. In 1949, appellants procured a survey of their lot, and discovered that their south line was not the wall of their building but was, in fact, 3.9 feet to the south. Negotiations between the parties having failed, Mr. and Mrs. Crandell started an ejectment suit the prosecution of which plaintiffs in their bill of complaint asked to have enjoined. Such relief was granted by the decree of the trial court.

It is the theory and claim of the appellants that the occupancy of the land in dispute, on the part of plaintiffs and their predecessors in title, was permissive in its inception and so continued. The proofs, however, do not establish that any prior owner of appellants' lot ever granted any such permission. The presumption in this regard was overcome by the credible evidence introduced by the plaintiffs and could not be weighed against the proofs. *Gardner* v. *Gardner,* 257 Mich 172. Under the facts in the case as established by the evidence, prior decisions of this Court cited by counsel for appellants, based on findings of permissive user or occupancy, are not controlling of the issue.

The proofs in the case at bar clearly show that in each of the conveyances referred to in plaintiffs' chain of title the grantee or grantees took possession of the land that is now in dispute as a portion of the premises conveyed. This was done in each instance in accordance with the understanding and intention of the grantor or grantors and evidenced by the parol statements made. There was no break in the continuity of the adverse possession which began at least with the ownership by the witness who acquired the lot now owned by defendants Palmer in 1904 and the lot of plaintiffs Smith 4 years later.

*Gildea* v. *Warren,* 173 Mich 28; *Gregory* v. *Thorrez,* 277 Mich 197. See, also, annotation in 17 ALR2d, p 1128 *et seq.* The burden of proof rested on the plaintiffs to establish that the adverse possession on which they relied had been actual, continuous, visible, notorious, distinct, and hostile throughout. The trial judge found that they had sustained such burden, and we are in accord with his conclusion. Actual knowledge by the appellants and their predecessors in title of the adverse holding was not required, the facts indicating that as owners and occupants of contiguous land they should have had such knowledge. *Simon* v. *School Board of District No. 2 of Richland and Mills Townships,* 299 Mich 478, 481; *Yatczak* v. *Cloon,* 313 Mich 584.

In *Dubois* v. *Karazin,* 315 Mich 598, the facts were somewhat analogous to those in the case at bar. In determining that defendant's claimed title by adverse possession had been established by the proofs, it was said in part:

"In the case at bar there was acquiescence in the boundary line for a period of approximately 38 years, during which time defendant and his predecessor in title had actual possession of the disputed premises for more than the statutory period necessary to gain title by adverse possession. They farmed it as their own and when defendant purchased his property, the disputed area was pointed out to him as being a part of the farm he purchased. There is competent evidence from which a court sitting as a jury could find that defendant and his grantor's possession was under claim of title, was adverse to plaintiffs and their predecessors in title, and was for a sufficient length of time to acquire title by adverse possession."

In the instant case there was acquiescence for many years in the belief that the boundary line between the lots of the parties was the south wall of

appellants' building. The testimony given by defendant Theodore C. Crandell on the trial of the case conclusively indicates that he did not question the boundary line until after the survey in November, 1949. The following excerpt from his testimony is significant:

"*Q.* You never claimed any ownership of this disputed strip until after the survey was made?

"*A.* That is right.

"*Q.* Up to that time you believed that Palmer and Smith owned that property in between there, did you not?

"*A.* I wasn't paying much attention to that. I was busy on the other side of the wall.

"*Q.* You never gave it a thought?

"*A.* Never paid any attention to it.

"*Q.* You never believed you owned it until after you had the survey made?

"*A.* I never had any reason to."

This testimony is in accord with the claims of the plaintiffs. It is a fair inference also that appellants' predecessors in title did not question the right of the owners and occupants of the lots south of the building to occupy and use the land up to the south wall. The long continued period of such user and acquiescence therein is conclusive. *Dupont* v. *Starring,* 42 Mich 492; *Gildea* v. *Warren, supra.*

The decree of the trial court is affirmed. Plaintiffs may tax costs against the appellants.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.