DUBOIS v. KARAZIN.

1. Adverse Possession—Intent—Mistake—Hostility.

Where the possession is up to a fixed boundary under a mistake
as to the true line` and the intention of the parties is to hold
only to the true line, such possession is not hostile and will
not ripen into title, as adverse possession must be actual, visible,
open, notorious, exclusive, continuous, uninterrupted for ˅the
statutory period, hostile, and under cover of claim of right
(3 Comp. Laws 1929, § 13964).

2. Same—Intent of Occupier—Evidence.

Intent of party who occupied disputed land, comprising a 5-acre
tract next to 40-acre tract to which he had record title, was
not shown by testimony of his wife that he intended to hold
to the true boundary only, where she was not a joint owner, in
view of his actions in using, cultivating and occupying the
premises under claim of title for 26 years and then pointing
out to purchaser of his land that it included the 5-acre tract.

3. Same—Presumption of Hostility.

When possession of land is by actual occupation of the possessor,
or by his tenants, under claim of title, his possession is visible,
open, notorious, distinct, and presumed hostile and constitutes
adverse possession.

4. Same—Mistake.

Possessors of land who may have been mistaken in true boundary
line but occupied disputed land for more than statutory period,
believing it to be their own, have title by adverse possession
(3 Comp. Laws 1929, § 13964).

5. Boundaries—Acquiescence in Line as True Line.

A boundary line long treated and acquiesced in as the true line
ought not to be disturbed on new surveys.

6. Adverse Possession—Actual Possession—Claim of Title—
Evidence—Tacking Possession.

Where there was acquiescence in the boundary line for a period
of approximately 38 years, during which time record shows

defendant and his predecessor in title had actual possession of the disputed 5-acre tract, adjoining 40-acre tract of which they successively held record title, for more than the statutory period necessary to gain title by adverse possession, and there was competent evidence to support finding of fact that there was possession under a claim of title adverse to plaintiffs and their predecessors in title, title to disputed tract was in defendant, notwithstanding defendant himself did not have possession for the statutory period, as he could tack his possession to the possession of his predecessor who made an oral and actual transfer of possession of the disputed land (3 Comp. Laws 1929, § 13964).

7. SAME—PRIVITY OF TITLE—ACTUAL TRANSFER OF POSSESSION.
Privity of title exists where there is an actual transfer of possession by parol even though land claimed by adverse possessor be not described in deed from his grantor of adjoining land.

8. EJECTMENT—PLAINTIFF MUST RELY ON OWN TITLE.
In an action of ejectment the plaintiff must rely upon the strength of his own title, not on the weakness of defendant's title.

9. SAME—BURDEN OF PROOF—ADVERSE POSSESSION—TITLE.
Findings of fact that plaintiffs in ejectment action, involving title to 5-acre tract of land adjoining defendant's 40-acre farm, had not maintained the burden of proof to sustain their action and that defendant was owner of the disputed land under the theory of adverse possession *held,* supported by record.

Appeal from Jackson; Arch (Charles O.), J., presiding. Submitted June 5, 1946. (Docket No. 37, Calendar No. 43,155.) Decided October 7, 1946.

Ejectment by Raymond C. Dubois and wife against Joseph Karazin to gain possession of real property. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Dahlem & Dahlem,* for plaintiffs.

*George R. Campbell* and *Phillip C. Kelly,* for defendant.

SHARPE, J. This is an action in ejectment to establish ownership of lot 13 of Shoemaker & McDavitt's Subdivision, Summit township, Jackson county, Michigan. Lot 13, which is a five-acre tract, lies wholly in section 12, north of and along the section line dividing sections 12 and 13.

Plaintiffs claim title by virtue of a conveyance in June, 1944 from Clara Butcher, the niece and only surviving heir of James H. McIlvain, deceased, who was the last record title holder.

Defendant claims title to lot 13 by adverse possession under the following facts. On September 29, 1908, one Thomas H. Seney took a conveyance of a 40-acre tract of land from William H. Hall, which conveyance was recorded on the same date. This property is located in section 13 and lies immediately south of lot 13 and the line between sections 12 and 13. In 1934, defendant, Joseph Karazin, purchased this property from Thomas H. Seney and wife on a land contract and immediately went into possession thereof. Believing that lot 13 was a part of the 40-acre tract conveyed to him, Seney and wife took possession of the disputed tract of land. At the time Seney sold the premises to defendant, Karazin went into possession of the disputed acreage which was not covered by description in the deed. Plaintiffs did not learn of the mistake as to the location of lot 13 until June 1, 1944, when it was surveyed. It is conceded that Seney and Karazin have had actual and continuous possession of the property since 1908 and that the acreage was farmed by Seney and Karazin in the same manner as the 40-acre farm.

The cause came on for trial and was heard by the trial judge. At the conclusion of plaintiffs' testimony, counsel for defendant made a motion for ver-

dict and judgment of no cause of action. The motion was denied without prejudice to renewal at the conclusion of all proofs. The motion was renewed and the trial court filed an opinion in which it is stated:

"In this case, after being fully advised, and having deliberated on it, I find that the plaintiffs, Raymond C. Dubois and May Dubois, have not maintained the burden of proof necessary to sustain the action in ejectment. Therefore, the motion to dismiss is granted.

"The court also finds by a preponderance of evidence that the defendant, Joseph Karazin, is the owner of this particular strip of land in dispute by right, and under the theory of adverse possession."

Plaintiffs appeal and urge that the trial court erred in holding that defendant acquired title to the premises by adverse possession as defendant and his grantor's occupancy originated in mistake, and was without intent to take and hold beyond the true boundary line. In support of their theory, plaintiffs insist that Thomas Seney, the grantor of defendant, only intended to claim to his true boundary line. The evidence to substantiate this claim is taken from the following testimony of Mrs. Seney:

"*Q.* Of course neither you or Mr. Seney would not take possession of someone else's land?

"*A.* No, sir, I would not take possession of anything that did not belong to me. * * *

"*Q.* You never thought any different until Joe came up to talk to you?

"*A.* No, sir, so help me God I did not. I never heard any different.

"*Q.* You never had any intention of taking anybody else's land?

"*A.* Why certainly not.

"*Q.* You never have fenced it in, or anything of that kind?

"*A.* No, we never did."

Plaintiffs rely upon *Warner* v. *Noble,* 286 Mich. 654. In that case plaintiff claimed title by adverse possession to a triangular piece of land which was a portion of the defendant's adjoining lot, and upon a part of which plaintiff had mistakenly built a house, a fact revealed by a later survey. We there said:

"The proof in this case shows that when the houses were built upon lots 10 and 11, there was no survey of the premises, that the carpenter went on the premises and built the houses on what he supposed to be the respective lots. There was no claim by either party that they owned anything except the lots mentioned and described in their respective deeds according to the recorded plat thereof. There was no claim and no intention to claim upon the part of either party anything except the lots and premises which they had acquired by deed and to assert title to the true line between the premises.

"Where the possession is up to a fixed boundary under a mistake as to the true line and the intention of the parties is to hold only to the true line, such possession is not hostile and will not ripen into title, 2 C. J. S. pp. 519, 632; and where the element of hostility is absent, there can be no adverse title acquired. 2 C. J. S. p. 568. Nor is possession which is permissive adverse possession. 2 C. J. S. p. 624. The possession must be actual, visible, open, notorious, exclusive, continuous, uninterrupted for the statutory period, hostile, and under cover of claim of right. 2 C. J. S. p. 520.

"The trial court held that though the parties may have been mistaken as to the true line, plaintiff took possession of the disputed strip, erected a cottage, assumed such control and use of the premises as was

consistent with the character of the property, used it for the purpose for which it was adapted, believed it to be his own, a belief shared by Thompson and acquiesced in by defendants until 1932, and he has held adversely for 15 years and, therefore, had title by adverse possession.

"There was no mutual agreement as to the true boundary line, nor was there ever any adverse or hostile holding. The land in question was surveyed and platted and the parties claimed and plaintiff by his bill of complaint claims according to the recorded plat thereof. The corners of the lots were marked by iron stakes. The land was otherwise uninclosed, but was valuable for recreational and resort purposes. Before the parties built their cottages they sighted from one stake to another and thought the line which they sighted was the correct one. It is undisputed they sighted through from the wrong stake on the plat and as a result thought the line was where it was not. There was no mutual agreement between the parties that this was the line. There was no concession by one to the other that the disputed strip belonged to one party or the other. Each of the owners claimed to the true line. The predecessors in title of defendants claimed to the true line. The fact seems to be undisputed that plaintiff and defendant's predecessor in title made a mistake in locating the line and that they did not ascertain where the true line was until they had the plat surveyed and monuments in the ground located and determined that defendants did not have the land which they bought and paid for, that they did not have possession of the whole of lot 11 according to the recorded plat thereof. Under such a state of facts, there was no hostility between the claims of the respective parties by which a finding of adverse possession may be sustained."

We are not in accord with the claim of plaintiffs that the testimony of Mrs. Seney shows the intent

of Mr. Seney to hold to the true boundary line only. Mrs. Seney was not a joint owner of the property sold to Karazin. She merely joined in the deed to release her dower. Her testimony cannot be used to show the intent of Mr. Seney to hold only to the true line. His intentions can best be shown by his actions. His actions and the actions of Karazin in using, cultivating and occupying the premises are evidence of occupation under claim of title. The record shows that Seney was in possession of the land for a period of approximately 26 years, during which time he cultivated it in the same manner as he did the balance of his acreage; and that when he sold it to defendant, he pointed out to defendant the premises in question as the premises he was selling.

In *Greene* v. *Anglemire,* 77 Mich. 168, we said:

"When the possession is by actual occupation of the possessor, or by his tenants, under claim of title, his possession is visible, open, notorious, distinct, and will be presumed to be hostile. In such case the conditions are all sufficiently complied with to make the possession adverse, and sufficiently notified to other claimants, or parties interested."

See, also, *Gildea* v. *Warren,* 173 Mich. 28.

In *Bird* v. *Stark,* 66 Mich. 654, we said:

"Possession for 15 years, which is adverse, is a statutory bar, and needs no agreement; and we do not think that actual knowledge of the adverse holding is required when the circumstances are such that the contiguous holder ought to have known it."

In *Gould* v. *Fiero,* 262 Mich. 467, we said:

"Although defendants may have been mistaken as to the true line, they took the disputed strip, believing it to be their own, and they have claimed and held it adversely for more than the statutory

period, and hence have title to it by adverse possession.''

In *Gregory* v. *Thorrez,* 277 Mich. 197, we quoted with approval from *Dupont* v. *Starring,* 42 Mich. 492, where it was said:

''It has been repeatedly held by this court that a boundary line long treated and acquiesced in as the true line, ought not to be disturbed on new surveys. *Smith* v. *Hamilton,* 20 Mich. 433, 438 (4 Am. Rep. 398); *Joyce* v. *Williams,* 26 Mich. 332. Fifteen years' recognition and acquiescence are ample for this purpose (*Stewart* v. *Carleton,* 31 Mich. 270); and in view of the great difficulties which often attend the effort to ascertain where the original monuments were planted, the peace of the community requires that all attempts to disturb lines with which the parties concerned have long been satisfied should not be encouraged. *Diehl* v. *Zanger,* 39 Mich. 601.''

While defendant did not have possession of the property for the necessary statutory * period to acquire title by adverse possession, we think that under the circumstances in this case he had the right to tack his possession to the possession of his predecessor in title as there was an oral and actual transfer of possession of the land in dispute.

In *Arduino* v. *City of Detroit,* 249 Mich. 382, we said:

''But though the disputed parcel of land be not described in the deed, privity exists where there is an actual transfer of possession by parol. *Sheldon* v. *Railway Co.,* 161 Mich. 503, and cases cited. *Maes* v. *Olmstead,* 247 Mich. 180, 183; 1 R. C. L. p. 719; 2 C. J. pp. 90, 91.''

---

* See 3 Comp. Laws 1929, § 13964 (Stat. Ann. § 27.593).—
REPORTER.

In the case at bar there was acquiescence in the boundary line for a period of approximately 38 years, during which time defendant and his predecessor in title had actual possession of the disputed premises for more than the statutory period necessary to gain title by adverse possession. They farmed it as their own and when defendant purchased his property, the disputed area was pointed out to him as being a part of the farm he purchased. There is competent evidence from which a court sitting as a jury could find that defendant and his grantor's possession was under claim of title, was adverse to plaintiffs and their predecessors in title, and was for a sufficient length of time to acquire title by adverse possession.

The trial court made a finding of fact that plaintiffs had not maintained the burden of proof to sustain an action in ejectment. In *Briggs* v. *Prevost*, 293 Mich. 677, we said:

"It is elementary that to prevail in an ejectment proceeding the plaintiff must rely upon the strength of his own title, not on the weakness of defendant's title."

The trial court also made a finding of fact that defendant is the owner of the disputed strip of land under the theory of adverse possession. We are in accord with both findings of fact.

The judgment is affirmed, with costs to defendant.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, and North, JJ., concurred. Starr, J., took no part in the decision of this case.