MISKOTTEN *v.* DRENTEN.

1. BOUNDARIES—ACQUIESCENCE IN LINE AS TRUE LINE.
    A boundary line long treated and acquiesced in as the true line ought not to be disturbed on new surveys.

2. SAME—FENCES—DRAINS—TRUE LINE.
    Where line fence was placed on north and south town line between two adjoining owners and south part of such fence

was replaced by a drain which veered off to the east over plaintiffs' land north of a clearly discernible jog and the land between the fence and drain north of such jog was not used or exclusively possessed by either plaintiffs or defendants' predecessor in title with whom plaintiffs had agreed as to the boundary, true boundary line *held,* to be the line of the original fence as agreed upon by the then adjoining owners.

3. WATERS AND WATERCOURSES—ADJACENT LANDOWNERS—FLOODING LANDS.

The right to drain or dispose of surface water on land can not be exercised by concentrating and pouring it, by means of an artificial ditch or drain, in unusual quantities and velocity greater than would be natural, upon adjacent property.

4. SAME—RESTORATION OF DRAINS TO PREVIOUS CONDITION.

Drains on plaintiffs' land which, although normally draining to east, were opened to connect with north and south drain on westerly line of plaintiffs' land and forming their boundary with defendants' land are ordered restored to previous condition so as not to connect with the line drain, where such connection increased or concentrated flow upon defendants' land.

5. COSTS—FAILURE OF EITHER PARTY TO PREVAIL.

No costs are allowed in suit between adjoining land owners relative to boundary line and drains, where neither party has fully prevailed.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 3, 1947. (Docket No. 10, Calendar No. 43,595.) Decided October 13, 1947.

Bill by Edward Miskotten against Henry Drenten to enjoin the construction of dike or embankment. Cross bill by Henry Drenten and wife against plaintiff and wife to quiet title to land. Geneva Miskotten added as party plaintiff. Decree for defendants. Plaintiffs appeal. Defendants cross-appeal. Modified and affirmed.

*Harry Pell,* for plaintiffs.

*Diekema, Cross & Ten Cate,* for defendants.

SHARPE, J. Plaintiff Edward Miskotten filed a bill of complaint in the circuit court of Allegan county for the purpose of enjoining defendants from constructing and maintaining any dike or embankment at or near the township line between plaintiff and defendants' property.

Plaintiff's father at one time owned all the lands now owned by plaintiffs and defendants. The land in question was low swamp land lying partly in Manlius township and partly in Heath township with the Rabbit river running along the north side. Sometime prior to 1919, plaintiff's father died and plaintiff and his two brothers purchased the land lying east of the township line in Heath township. In the year 1919 one John Joosteberens purchased the land lying west of the township line in Manlius township. Defendants became the owners of the Joosteberens land in 1938.

Shortly after Joosteberens became the owner of the land west of the line OG (see map) he entered into an agreement with plaintiff and his brothers to build a fence separating the two pieces of property. Joosteberens agreed to build the south half of the fence, while plaintiff and his brothers agreed to build the north half. The fence was built in 1919 and at a later time was replaced by a drain. When the drain was constructed, it was placed on the line of the fence. Mr. Joosteberens dug the south half of the drain and plaintiff dug on the line OG of the fence up to the bend or "jog" and then dug the drain to the east of the fence, a distance of 10 feet, and then dug the drain north and parallel with the fence until he struck quick sand. The "jog" is about 200 feet from the north end of the drain. In April, 1930, Joosteberens

and plaintiff Edward Miskotten entered into an agreement whereby plaintiff was given the right to drain through the drain OF and was. under the duty to maintain flood gates ·in all drains on plaintiff's land to prevent river water from backing· up in the drains and draining through Joosteberens' premises.

The present difficulty arose when the river broke through the dikes along the south side of the river and flooded the lands of both parties causing considerable damage and when in 1942 a heavy rain in August flooded the lands of both parties before a dam placed in drain OF for irrigation purposes could be removed. Defendant undertook to build an embankment along the west side of the drain OG

to keep the water from the lands of plaintiff from flowing across his land. Plaintiff brought a bill for injunction and defendants filed a cross bill claiming to own the land between the ditch and the town line and asked to quiet title to it in them.

It appears that the point of the intersection of the line OF with the line OG is on the true line, but that the drain OG veers towards the east and at its northern end is approximately 19 feet east of the township line.

Plaintiff claims the record title to the land east of the township line. Defendants claim title to the disputed lands by adverse possession and, also, by reason of the fact that the adjoining owners met and agreed upon the boundary line and have maintained the fence and drain as a boundary line for a period of 25 years.

The trial court filed an opinion wherein it is said:

"From the testimony then of Mr. Miskotten, the court feels bound to hold that Mr. Joosteberens did 'pasture' up to the fence and up to the ditch—north to the 'jog', from the time the fence was built prior to the plaintiff's purchase in 1923, until Joosteberens sold to cross-plaintiffs on October 26, 1938— a period of 15 years, during which time his occupation was so apparent as to give notice to plaintiff of his claim of ownership of the disputed parcel north to the 'jog' in the ditch; but that neither Mr. Joosteberens nor cross-plaintiffs occupied, used or *exclusively* possessed the disputed parcel north of the 'jog' in the ditch. It is unfortunate that we have no measurements so as to make an exact finding in this respect. But the 'jog' is clearly discernible and a survey or other measurement from the south line will determine the line."

A decree was entered giving defendants title to the land west of the drain up to the "jog" and

establishing the township line as the true line north of the jog to the river.

Plaintiffs appeal and urge that the trial court was in error in not establishing the township line as the boundary line between the properties.

The land in question was formerly a tamarack swamp owned by the Miskotten brothers and John Joosteberens. They desired to establish a boundary line. They built a wire fence on posts. The fence at one time continued along the line OG to the river. Plaintiff helped build the northerly half of the fence, while John Joosteberens built the southerly half of the fence. Plaintiffs and Joosteberens recognized this fence as the true and agreed line between the properties.

In *Dupont* v. *Starring,* 42 Mich. 492, we said:

"It has been repeatedly held by this Court that a boundary line long treated and acquiesced in as the true line, ought not to be disturbed on new surveys."

See, also, *Gregory* v. *Thorrez,* 277 Mich. 197, and *Dubois* v. *Karazin,* 315 Mich. 598.

The decree of the trial court is modified so that the agreed line as was evidenced by the original fence is the true line between the disputants.

Defendants filed a cross appeal and urge that the trial court was in error in failing to order plaintiffs to close the openings of the two ditches leading from plaintiffs' lands west into the boundary line ditch OG. The ditches are noted on the drawing as OC and TD. These drains or ditches are dug approximately three and a half feet deep at the east end and 18 inches deep at the west end. Prior to the institution of the present suit these drains did not connect with the drain OG, but shortly before the trial of the present suit plaintiffs dug out the earth and connected drain OC with the drain OG.

The law is well settled that plaintiffs have no right to collect water in ditches and dump it upon the lands of an adjoining owner.

In *Peacock* v. *Stinchcomb* (syllabus), 189 Mich. 301, we held:

"The right to drain or dispose of surface water on land can not be exercised by concentrating and pouring it, by means of an artificial ditch or drain, in unusual quantities and velocity greater than would be natural, upon adjacent property."

The decree should be modified to the extent that the drains OC and TD should be placed in the condition they were prior to the institution of the present suit.

The decree of the trial court is affirmed and modified. A decree will be entered in this Court conforming to this opinion. No costs are allowed as neither party has fully prevailed.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.