KETTUNEN v TORREANO

ADVERSE POSSESSION—FIXED BOUNDARY—INTENT—HOSTILE POSSESSION
    —ELEMENTS.

  Adverse possession must be actual, visible, open, notorious, exclu-
    sive, continuous, uninterrupted for the statutory period, hostile,
    and under cover of claim of right and a claim of title by
    adverse possession is not supported where the possession is up
    to an erroneously fixed boundary line under a mistake as to the
    true line and the intention of the parties is to hold only to the
    true line because such a possession is not hostile.

Appeal from Baraga, Stephen D. Condon, J.
Submitted Division 3 February 4, 1975, at Grand
Rapids. (Docket No. 20953.) Decided March 13,
1975. Leave to appeal denied, 394 Mich 791.

Complaint by N. Cecilia Kettunen against Bruno
Torreano and John Torreano to quiet title to land
claimed by adverse possession. Judgment for de-
fendants. Plaintiff appeals. Affirmed.

*Wisti & Jaaskelainen* (by *James E. Kliber*), for
plaintiff.

*Garfield H. Wood,* for defendants.

Before: BRONSON, P. J., and M. F. CAVANAGH and
D. F. WALSH, JJ.

PER CURIAM. This appeal arises from a bound-
ary-line dispute between adjacent owners of land
on Lake George in Baraga County. Suit was com-
menced in September, 1970 by plaintiff-appellant
to quiet title to the property at issue and the case

REFERENCE FOR POINTS IN HEADNOTE
3 Am Jur 2d, Adverse Possession §§ 32–36.

presented on trial depositions and exhibits. The court's judgment, entered on October 13, 1971, found plaintiff's proofs insufficient to establish a claim of adverse possession and fixed the boundary line between the parties. From a denial of her motion for new trial plaintiff appeals.

A recital of the factual-historical background of this dispute is unnecessary as we find the instant facts controlled by *Warner v Noble,* 286 Mich 654; 282 NW 855 (1938). At page 660, the Court stated:

"There was no claim by either party that they owned anything except the lots mentioned and described in their respective deeds according to the recorded plat thereof. There was no claim and no intention to claim upon the part of either party anything except the lots and premises which they had acquired by deed and to assert title to the true line between the premises.

"Where the possession is up to a fixed boundary under a mistake as to the true line and the intention of the parties is to hold only to the true line, such possession is not hostile, and will not ripen into title, 2 C.J.S. pp. 519, 632; and where the element of hostility is absent, there can be no adverse title acquired. 2 C.J.S. p. 568. Nor is possession which is permissive adverse possession. 2 C.J.S. p. 624. The possession must be actual, visible, open, notorious, exclusive, continuous, uninterrupted for the statutory period, hostile, and under cover of claim of right. 2 C.J.S. p. 520."

See also *Cooley v Marx,* 17 Mich App 470; 169 NW2d 655 (1969). So, in this cause, each party claims only that property to which each is the title owner. Their dispute goes only to the proper dividing line between the parcels.

The trial court has established what the proper boundary line is and has not erred in so doing. We find no error in the remaining allegations of appellant.

Affirmed. Defendant may tax costs.