McQUEEN v BLACK

Docket No. 98523. Submitted December 14, 1987, at Lansing. Decided
    May 17, 1988.

Roger R. McQueen and Leon Black had shared a common fence
    which they believed stood on the true boundary line dividing
    their adjacent properties. When Black moved the fence some
    four feet after a survey disclosed the true boundary line,
    McQueen, claiming adverse possession, brought an action in
    Ingham Circuit Court seeking title to the disputed portion of
    property. McQueen later brought a motion to amend his com-
    plaint to allege a count based on acquiescence. The trial court,
    Michael G. Harrison, J., entered a judgment in favor of plaintiff
    on the basis of adverse possession and did not rule on plaintiff's
    motion to amend his complaint. Defendant appealed.

The Court of Appeals *held:*

1. Adverse possession of land must be established by clear
    and cogent proof of actual, visible, open, notorious, exclusive,
    continuous, uninterrupted, hostile possession under a claim of
    right for the statutory period of fifteen years. Where a land-
    owner takes possession of land of an adjacent owner, with the
    intent to hold to the true line, the possession is not hostile and
    adverse possession cannot be established. In this case, plaintiff
    did not adversely possess the disputed property since he be-
    lieved the original fence accurately reflected the true boundary
    line.

2. A remand is necessary in order for the trial court to
    determine if the motion to amend the complaint should be
    granted and, if the amendment is allowed, to determine
    whether plaintiff can prevail on the theory of acquiescence.

Reversed and remanded.

1. ADVERSE POSSESSION — EVIDENCE — HOSTILE POSSESSION.
    Adverse possession of land must be established by. clear and
    cogent proof of actual, visible, open, notorious, exclusive, con-

REFERENCES

Am Jur 2d, Adverse Possession §§ 48 *et seq.*, 63, 301 *et seq.*
Adverse possession involving ignorance or mistake as to boundaries
    —modern views. 80 ALR2d 1171.

tinuous, uninterrupted, hostile possession under a claim of right for the statutory period of fifteen years; where a landowner takes possession of land of an adjacent owner, with the intent to hold to the true line, the possession is not hostile and adverse possession cannot be established (MCL 600.5801[4]; MSA 27A.5801[4]).

2. BOUNDARIES — ACQUIESCENCE.

Where adjoining landowners acquiesce to a boundary line different from the true boundary line for a period of at least fifteen years, that line becomes the actual boundary line.

*UAW-GM Legal Services Plan* (by *Beth Ellen Everson*), for plaintiff.

*Ball, Van Dam & Ross, P.C.* (by *Richard D. Ball*), for defendant.

Before: H. HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

PER CURIAM. Defendant appeals from the judgment of the circuit court which quieted title to a certain portion of land on the basis that plaintiff had obtained title to the disputed property by adverse possession. We reverse.

The parties are adjacent landowners with a common boundary line at the rear of their properties. A fence separated the two properties for a number of years, with the parties and their predecessors in title apparently believing the fence to represent the property line. When defendant decided to sell his property, he had his lot surveyed. The survey revealed that the fence was actually on defendant's property, four feet from the property line. This revelation came as a surprise to all concerned. With little or no consultation with plaintiff, defendant moved the fence the four feet

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

to the actual property line, giving rise to the instant action to quiet title.

The requirements necessary to establish adverse possession were discussed by this Court in *Connelly v Buckingham,* 136 Mich App 462, 467-468; 357 NW2d 70 (1984):

> In Michigan, adverse possession must be "established by clear and cogent proof of possession that is actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period of 15 years, hostile and under cover of a claim of right." *Burns v Foster,* 348 Mich 8, 14; 81 NW2d 386 (1957); *Rose v Fuller,* 21 Mich App 172, 175; 175 NW2d 344 (1970), *lv den* 384 Mich 751 (1970). See also MCL 600.5801(4); MSA 27A.5801(4). *When a landowner takes possession of land of an adjacent owner, with the intent to hold to the true line, the possession is not hostile and adverse possession cannot be established. Warner v Noble,* 286 Mich 654; 282 NW 855 (1938); *Dubois v Karazin,* 315 Mich 598; 24 NW2d 414 (1946); *Ennis v Stanley,* 346 Mich 296; 78 NW2d 114 (1956); *Kettunen v Torreano,* 59 Mich App 652; 230 NW2d 14 (1975), *lv den* 394 Mich 791 (1975). The corollary to this rule provides that, when the possession manifests an intent to claim title to a visible, recognizable boundary, regardless of the true boundary line, the possession is hostile and adverse possession may be established. *Gregory v Thorrez,* 277 Mich 197; 269 NW 142 (1936); *Yatczak v Cloon,* 313 Mich 584; 22 NW2d 112 (1946); *Dubois v Karazin,* 315 Mich 598; 24 NW2d 414 (1946); *Walker v Bowen,* 333 Mich 13; 52 NW2d 574 (1952). Such is the law in every jurisdiction which adheres to the principle that the intention of the parties is the dispositive test in determining whether land is held adversely. See 80 ALR2d 1161, §§ 3-4, pp 1174-1181. [Emphasis added.]

The most important portion of the above quote with respect to the case at bar is the emphasized

language. That is, if plaintiff took possession of defendant's land with the intent to hold to the true boundary line, rather than to adversely possess the property, his possession is not hostile. Simply put, plaintiff did not adversely possess the four-foot strip of land if he believed the fence accurately reflected the true boundary line.

The trial court's conclusion that the possession was hostile contradicts its factual finding that "the testimony of the Plaintiff was that there was no reason to believe that the property was not that of Plaintiff." This is in accord with the testimony that plaintiff believed the fence to mark the true property line. Accordingly, the trial court clearly erred in concluding that the possession was hostile and that plaintiff was entitled to the disputed property by reason of adverse possession.[1] MCR 2.613(C); *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

There remains, however, a theory under which plaintiff may nevertheless prevail, that being the doctrine of acquiescence. Briefly, the doctrine of acquiescence provides that, where adjoining property owners acquiesce to a boundary line for a period of at least fifteen years, that line becomes the actual boundary line. See *Jackson v Deemar,* 373 Mich 22, 25-26; 127 NW2d 856 (1964).

In the case at bar, plaintiff moved to amend his complaint to add a count based on acquiescence. The trial court took the motion under advisement and instructed plaintiff to present proofs on the issue. However, the trial court thereafter did not rule on the motion or decide the issue. Accord-

---

[1] To the extent that this Court's decision in *Connelly* suggests that a different result is warranted in the case at bar, we believe that *Connelly* confused the distinctions between the doctrine of acquiescence and adverse possession. Particularly, the discussion on pp 472-473 of the opinion is more consistent with the doctrine of acquiescence than with adverse possession.

ingly, a remand is necessary in order for the trial court to determine if the motion to amend the complaint should be granted and, if the amendment is allowed, to determine whether plaintiff can prevail on that theory.

Finally, defendant correctly points out that the trial court failed to utilize the correct standard of proof. The correct standard is "clear and cogent evidence of possession," not a mere preponderance of the evidence. See *Connelly, supra* at 467. However, this does not change the result in this case as we believe that plaintiff failed to meet his burden under either standard.[2]

---

[2] This presents the somewhat interesting question of what, exactly, constitutes "clear and cogent evidence." Our research has disclosed a number of cases which refer to "clear and cogent evidence," but we have been unable to discover any case which defines that standard of proof. Apparently that standard was obvious to our judicial ancestors, but we must confess that the definition does not come readily to mind for us. In turning to Black's Law Dictionary (5th ed, 1979), we find no definition of "clear and cogent evidence," but we do find the word "clear" defined as follows:

Clear. Obvious; beyond reasonable doubt; perspicuous; plain. Free from all limitation, qualification, question or shortcoming. Free from incumbrance, obstruction, burden, limitation, etc. Plain, evident, free from doubt or conjecture, unequivocal, also unincumbered. Free from deductions or drawbacks.

Turning to the *Random House College Dictionary* (Rev ed, 1984), the word "cogent" is defined as follows:

1. convincing or believable by virtue of forcible, clear, or incisive presentation. 2. to the point; relevant.

With these definitions in mind, we conclude that "clear and cogent evidence" is more than a preponderance of evidence, approaching the level of proof beyond a reasonable doubt. That is to say, the standard is much like "clear and convincing evidence." (See "clear and convincing proof," Black's Law Dictionary, *supra*.) Thus, in an adverse possession case, for a party to establish possession by "clear and cogent evidence," the evidence must clearly establish the fact of possession and there must be little doubt left in the mind of the trier of fact as to the proper resolution of the issue. Thus, where there is any reasonable dispute, in light of the evidence, over the question of possession, the party has failed to meet his burden of proof.

The judgment of the circuit court is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion on the issue of the doctrine of acquiescence. We do not retain jurisdiction. Defendant may tax costs.