WALTERS v SNYDER

Docket No. 193694. Submitted February 4, 1997, at Grand Rapids. Decided
      August 29, 1997, at 9:00 A.M.

   Harold E. Walters, Jr., and Margaret M. Walters brought an action in
      the St. Joseph Circuit Court against Steven D. Snyder and Mona L.
      Gillispie, seeking an order requiring Snyder (hereafter defendant)
      to remove a fence and garage that encroached on the plaintiffs'
      property. The defendant alleged that he had equitable title to the
      strip of property in dispute because the plaintiffs had acquiesced to
      certain bushes representing the boundary line between the parties'
      properties for the statutory fifteen-year period. The court, James
      Noecker, J., entered an order requiring the defendant to remove the
      fence and garage, finding that the defendant failed to prove the
      affirmative defense of acquiescence by clear and positive proof.
      The defendant appealed, alleging that the proper standard of proof
      for the affirmative defense of acquiescence is a preponderance of
      the evidence.

      The Court of Appeals *held*:

      The proper standard applicable to a claim of acquiescence is
   proof by a preponderance of the evidence. Clear and cogent evi-
   dence is more than a preponderance of the evidence. The matter
   must be reversed and remanded for reconsideration in light of the
   correct standard.

      Reversed and remanded.

1. BOUNDARIES — ACQUIESCENCE.

   The proper standard of proof applicable to a claim of acquiescence is
      proof by a preponderance of the evidence; a clear and cogent evi-
      dence standard of proof requires more than a preponderance of the
      evidence and does not apply to a claim of acquiescence.

2. BOUNDARIES — ADVERSE POSSESSION — ACQUIESCENCE.

   A claim of adverse possession requires a showing by clear and cogent
      evidence that the possession was actual, visible, open, notorious,
      exclusive, continuous, and uninterrupted for the statutory period of
      fifteen years, hostile, and under cover of a claim of right; a claim of
      acquiescence to a boundary line based upon the statutory period of
      fifteen years requires merely a showing that the parties acquiesced

in the line and treated the line as the boundary for the statutory period, irrespective of whether there was a bona fide controversy regarding the boundary, and does not require the possession to be hostile or without permission (MCL 600.5801[4]; MSA 27A.5801[4]).

*Charles E. Martell, P.C.* (by *Charles E. Martell* and *Jordan R. Schau*), for the plaintiffs.

*Cornell, Dalzell, Ramey & Shek* (by *James Shek*), for Steven D. Snyder.

Before: BANDSTRA, P.J., and HOEKSTRA and J. M. BATZER*, JJ.

PER CURIAM. Steven D. Snyder (hereafter defendant) appeals as of right a judgment of the St. Joseph Circuit Court ordering defendant to remove a fence and garage that encroached upon the property of Harold E. Walters, Jr. (hereafter plaintiff).[1] We reverse and remand for further proceedings consistent with this opinion.

This case arises from a boundary dispute between defendant and plaintiff, the respective owners of lots 3 and 4 of the platted subdivision of Helena Beach in St. Joseph County. Both lots were originally platted with 50' by 150' dimensions, both front Portage Lake, and both lots are bounded on the rear by Lake Avenue. The lots appeared to be separated by a line of bushes and small trees situated along the northern border of lot 3 and the southern border of lot 4.

Plaintiff inherited lot 4 in 1965 from his father, who purchased the property in 1956. Defendant bought lot 3 in 1991 from Richard and Nancy Speece, who purchased the property in 1981 from Edward and Virginia

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Plaintiff Margaret Mary Walters is now deceased.

Culp, who purchased the property in 1973 from Helen Runion. A survey done before the sale of the property to defendant in 1991 revealed that both a fence and part of a garage that had been constructed on lot 3 sometime after May 1984 actually intruded onto the southern portion of lot 4 by approximately twelve feet and that the line of bushes was not the platted boundary line.

In 1993, plaintiff filed suit, requesting the trial court to order defendant to remove the fence and garage that were unlawfully encroaching on his property. Defendant responded that he had equitable title to that strip of property because plaintiff had acquiesced to the bushes representing the boundary line between the properties for the fifteen-year statutory period.

Following a bench trial, the trial court issued an opinion stating that it was unable to find "clearly and positively or affirmatively" that plaintiff had acquiesced to the bushes representing the boundary line between the properties at issue. Accordingly, defendant was ordered to remove the garage and fence from plaintiff's property.

On appeal, defendant argues that the trial court erred in requiring defendant to prove his affirmative defense of acquiescence by "clear and positive proof" rather than a mere preponderance of the evidence. We agree.

In the trial court's opinion, the burden of proof placed upon defendant was discussed as follows:

> Defendant accepts that it is his burden to show superior rights to possession of the disputed parcel. He argues that he is legally entitled, despite lack of privity with his grantor, to tack his possession to that of his predecessors under the doctrine of acquiescence.

He argues that he has "affirmatively and clearly" shown that the necessary period of acquiescence occurred from the time plaintiff's father purchased lot 4 in 1956 until 1991....

\*       \*       \*

Defendant acknowledged that plaintiff had established a prima facie case of his claim to lot 4. He recognized that it thus became his burden to establish his claim for the disputed portion of lot 4 by "show(ing) superior rights to possession." He nowhere attempts to define the standard he must satisfy. However, he contends that his claim has been "affirmatively and clearly demonstrated."

Plaintiff claims that where the claim is based upon an implied agreement the elements of acquiescence must be proven by the claimant by "clear and positive proof, not inference."

While the authorities plaintiff cited in support of this standard . . . clearly refer to adverse possession—not acquiescence—defendant has not disputed "clear and positive" proof as the standard. Instead, his claim—that he has "affirmatively and clearly demonstrated" acquiescence by plaintiff's failure to object to defendant's predecessor's exclusive use of the disputed portion of lot 4—is substantially the equivalent of "clear and positive proof." Accordingly, the Court assumes he doesn't dispute this standard.

\*       \*       \*

This Court is unable to find clearly and positively or affirmatively that the act of stacking wood for no more than approximately one third of the boundary for seven years and thereafter discontinuing the practice for two or three years constituted such an act or transaction within the definition of acquiescence as would support a finding of agreement or assent by silence by plaintiff.

\*       \*       \*

> While the Court is unable to conclude with any degree of certainty which witness was telling the truth, it finds that defendant has not met his burden of persuasion.

This portion of the opinion establishes that defendant was held by the trial court to a "clear and positive" burden of proof. We believe this to be an incorrect burden of proof for an acquiescence case. Further, we conclude that the fact that defendant may not have stated at trial his right to have another burden of proof used and even asserted that he believed that his claim was "affirmatively and clearly demonstrated," as noted by the trial court, does not excuse the trial court's reliance on a standard by "default" rather than independently determining and applying the correct standard of proof.

Contrary to plaintiff's assertion that the trial court applied the right standard in requiring the claim of acquiescence, like a claim of adverse possession, to be proved by "clear and cogent evidence," we hold that the proper standard applicable to a claim of acquiescence is proof by a preponderance of the evidence. This Court has previously distinguished between these two standards by noting that "clear and cogent evidence" is more than a preponderance of the evidence, approaching the level of proof beyond a reasonable doubt. *McQueen v Black*, 168 Mich App 641, 645, n 2; 425 NW2d 203 (1988). In *McQueen*, although both adverse possession and acquiescence were discussed, the "clear and cogent" standard was considered only with respect to the adverse possession claim. *Id.*

In contrast to a claim of adverse possession that requires a showing by clear and cogent evidence that the possession was " 'actual, visible, open, notorious,

exclusive, continuous, and uninterrupted for the statutory period of 15 years, hostile and under cover of a claim of right[,]' " *McQueen, supra* at 643, quoting *Burns v Foster*, 348 Mich 8, 14; 81 NW2d 386 (1957), a claim of acquiescence to a boundary line based upon the statutory period of fifteen years, MCL 600.5801(4); MSA 27A.5801(4), requires merely a showing that the parties acquiesced in the line and treated the line as the boundary for the statutory period, irrespective of whether there was a bona fide controversy regarding the boundary. *Sackett v Atyeo*, 217 Mich App 676, 681; 552 NW2d 536 (1996). A claim of acquiescence does not require that the possession be hostile or without permission. Thus, application of the higher standard of proof seems inappropriate to an acquiescence claim.

As further support for our conclusion, this Court in *Sackett* recently affirmed a trial court decision finding acquiescence for the statutory period by a preponderance of the evidence. Although the propriety of the standard used was not challenged on appeal, nonetheless, in reviewing the trial court's findings and conclusions, this Court did not disapprove of the standard used and affirmed the decision of the lower court. See also 12 Am Jur 2d, Boundaries, § 99, p 634, indicating that one relying upon a claim of acquiescence must show it by such a preponderance of the evidence as will entitle him to the boundary claimed.

Because the trial court applied a burden of proof in this case that was too strict, we remand the case so that the trial court can reconsider its decision in light of the lower, correct standard. Although the trial court found that defendant failed to meet the stricter burden, it is unclear whether the trial court would

have reached the same result had the correct standard been applied.

Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion. We do not retain jurisdiction.