# STATE OF MICHIGAN

# COURT OF APPEALS

LOUIS SIMMONS and ALICE SIMMONS,

   Plaintiffs/Counter-Defendants-
Appellants/Cross-Appellees,

v

MICHAEL TODD and JOAN TODD, as Trustees
of the MICHAEL CHARLES TODD TRUST and
the JOAN CHRISTINE TODD TRUST,

   Defendants/Counter-
Plaintiffs/Third-Party Plaintiffs-
Appellees/Cross-Appellants,

and

WILLIAM M. WHITE, WHITE LAND LLC,
CHARLENE BURMEISTER, CLAYTON
MCHENRY, DOROTHY MCHENRY, WILLIAM
HOFFMAN, GERALDINE HOFFMAN, and G.W.
JONES EXCHANGE BANK,

   Third-Party Defendants.

UNPUBLISHED
August 17, 2017

No.   331667
Cass Circuit Court
LC No.   14-000518-CH

Before:  BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

  Plaintiffs, Louis and Alice Simmons, appeal as of right the February 5, 2016 judgment that quieted title to the disputed property in favor of defendants, and also dismissed plaintiffs' claims of nuisance.  Defendants cross-appeal the trial court's judgment of no cause of action on their claim for slander of title.  We affirm.

## I.  BACKGROUND

Plaintiffs bought property on the west side of Bair Lake in Cass County, Michigan, in June 1988.  At the time, Jim and Charlene Burmeister owned the Lakeside Campground, which was to the north and west of plaintiffs' property.  A 66-foot right of way, which was part of the campground, bordered plaintiffs' property to the west.  The right of way included a gravel road. In 2006, the Burmeisters sold the campground to defendants.  Before defendants bought the campground, defendants and the Burmeisters had a survey done of the campground.  The survey showed that a generator, a propane tank, and landscaping were over the southern boundary "line" of the campground.  The items were in the area that has become known as the "strip."  There is no dispute that plaintiffs placed the generator, propane tank, and landscaping in the strip.

In 2014, plaintiffs sued defendants, claiming that they had obtained title to the strip and the "front lawn area," the portion of the 66-foot right of way that was between their property and the eastern edge of the gravel road, by adverse possession or acquiescence.  They requested that the trial court quiet title in the strip and the front lawn area in their names.  They also claimed that defendants maintained nuisances, including allowing an outdoor wood burner to emit smoke onto plaintiffs' property and allowing campers to travel at excessive speeds down the gravel road.  Several days after filing their complaint, plaintiffs recorded with the Cass County Register of Deeds a notice of claim of interest in real estate, in which they claimed ownership of the strip by adverse possession and acquiescence.  Defendants counterclaimed for trespass and asked the trial court to quiet title in the strip and the front lawn area in their names.  Additionally, defendants claimed that plaintiffs, by filing the notice of claim of interest in real estate, slandered their title.

Following a bench trial, the trial court found that plaintiffs had not proved their claims of adverse possession and acquiescence, and it quieted title to those areas in defendants' names. The trial court also dismissed plaintiffs' nuisance claims.  The trial court found that plaintiffs had not maliciously filed the notice of claim of interest in real estate, and dismissed defendants' slander of title claim.  The trial court granted defendants' judgment on the trespass claim and ordered plaintiffs to remove several encroaching items within six months of that order.

## II.  ANALYSIS

Following a bench trial, we review a trial court's findings of fact for clear error and its conclusions of law de novo.  *Scholma v Ottawa Co Rd Comm*, 303 Mich App 12, 16; 840 NW2d 186 (2013).  "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003).  We must give regard to the trial court's special opportunity to judge the credibility of the witnesses.  MCR 2.613(C).

Plaintiffs raise several evidentiary challenges on appeal.  We review a trial court's evidentiary decisions for an abuse of discretion.  *Dep't of Transp v Frankenlust Lutheran Congregation*, 269 Mich App 570, 575; 711 NW2d 453 (2006).  A trial court abuses its discretion when its decision falls outside the range of principled outcomes.  *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 48; 761 NW2d 151 (2008).

*Statement Against Interest.* First, plaintiffs argue that the trial court erred in not allowing Louis to testify about statements that Jim made about Jim's belief regarding ownership of the strip.[1] Louis testified that Jim placed plaintiffs' mobile home north of the strip when plaintiffs built their home because Jim did not want the home on the strip and did not think he owned the strip. Defendants objected to this testimony as speculation based on hearsay, and the trial court sustained the objection. Plaintiffs claim on appeal that this hearsay testimony was admissible as a statement against interest under MRE 804(b)(3). The trial court did not abuse its discretion in sustaining defendants' objections.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is not admissible unless it falls within an exception. MRE 802. One such exception is for statements against interest, which MRE 804(b)(3) defines as:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

Louis did not testify to any specific out-of-court statements made by Jim. MRE 801(c). Rather, Louis only testified that Jim did not think he owned the strip. When defendants challenged this testimony as speculation based upon hearsay, plaintiffs failed to offer a non-hearsay basis for the testimony. Plaintiffs claimed that the testimony should be admissible as Jim's statement against interest, but did not provide the trial court with any evidence from which the trial court could determine the exact statement Jim allegedly made to Louis, let alone whether that statement was so far contrary to Jim's pecuniary or proprietary interest as to except it from the hearsay ban. Accordingly, we conclude that plaintiffs have failed to establish that the trial court abused its discretion in sustaining defendants' objection.

Moreover, any error would not have entitled plaintiffs to relief in any event. An evidentiary error is not grounds for appellate relief unless "substantial justice" requires relief. MCR 2.613(A). The trial court credited defendants' testimony over plaintiffs', stating that, because it was Jim's property, he could grant permission to anyone to use the property that he wanted, including plaintiffs. As shown later in this opinion, this credibility determination precluded plaintiffs from establishing their various claims.

*Defense Exhibits 4, 5, and 6.* Plaintiffs also argue that the trial court erred in admitting defense exhibits 4, 5, and 6. The challenged exhibits are plaintiffs' own correspondence with Porter Township, through which plaintiffs, among other things, challenged the amount of their property taxes as being over-assessed, purportedly because that assessment included the now-

---

[1] Given the number of married couples involved in this case, to avoid confusion we will refer to persons by their first names.

disputed areas. According to plaintiffs, because the exhibits were not disclosed until days before trial, the exhibits were unfairly prejudicial under MRE 403. We disagree.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403. Unfair prejudice exists when it would be inequitable to allow the evidence to be admitted. *Haberkorn v Chrysler Corp*, 210 Mich App 354, 362; 533 NW2d 373 (1995).

Defense counsel did not send plaintiffs' counsel the actual exhibits until between five and fourteen days before the start of trial. Plaintiffs, however, have not provided this Court with any persuasive argument as to why that time was insufficient for them to respond adequately to those documents. Moreover, plaintiffs were provided with an exhibit list well before trial that identified any and all township records regarding the property as potential trial exhibits. Plaintiffs had equal, if not greater, access to these correspondence as defendants: The challenged documents are plaintiffs' *own* correspondence with the township, meaning that plaintiffs should have been aware of their existence long before this dispute arose. Accordingly, we find no abuse of discretion in the trial court's admission of these documents.

*Adverse Possession.* Plaintiffs also challenge the trial court's ultimate ruling that plaintiffs did not obtain title to the disputed property via adverse possession or acquiescence. To establish a claim of adverse possession, a plaintiff must present proof that his or her possession of the land was actual, visible, notorious, exclusive, continuous, and uninterrupted for a period of 15 years. *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993). Additionally, the plaintiffs' possession of the land must be hostile and under a claim of right. *Canjar v Cole*, 283 Mich App 723, 731; 770 NW2d 449 (2009).

> To make good a claim of title by adverse possession, the true owner must have actual knowledge of the hostile claim or the possession must be so open, visible, and notorious as to raise the presumption of notice to the world that the right of the true owner is invaded intentionally. [*Burns v Foster*, 348 Mich 8, 15; 81 NW2d 386 (1957) (internal emphasis omitted).]

A plaintiff must prove the elements of adverse possession by clear and cogent evidence. *Walters v Snyder*, 225 Mich App 219, 223-224; 570 NW2d 301 (1997). The clear and cogent evidence standard is higher than the preponderance of the evidence standard; it approaches the level of proof beyond a reasonable doubt. *Walters*, 225 Mich App at 223.

> The term 'hostile' as employed in the law of adverse possession is a term of art and does not imply ill will; rather, hostile use is that which is inconsistent with the right of the owner, without permission asked or given, and which would entitle the owner to a cause of action against the intruder. [*Wengel v Wengel*, 270 Mich App 86, 92-93; 714 NW2d 371 (2006) (internal quotation marks and citation omitted).]

Permissive use of land cannot ripen into a claim for adverse possession. *King v Battle Creek Box Co*, 235 Mich 24, 35; 209 NW 133 (1926).

The trial court found that plaintiffs' use of the disputed property was not hostile. Critically, the trial court found as a factual matter that defendants walked the campground with Jim before they bought it and that defendants "were credible in saying that they knew of the encroachments by [plaintiffs], but were assured that it would never be a problem." Specifically, according to defendants at trial, while they were looking at the southern boundary of the campground with Jim, Louis came out to meet them. Louis, who saw that defendants had the survey with them, never suggested that the boundary lines between the campground and plaintiffs' property was something other than the boundary depicted in the survey. Rather, Louis told defendants that the Burmeisters had given plaintiffs permission to use the property. While talking about these encroachments, Louis mentioned that defendants would be paying taxes on the strip. Louis asked defendants for permission to continue using the strip, and defendants agreed. He told defendants that if they ever wanted the items moved, he would have no problem moving them. Additionally, Alice joined Louis while he was talking with them, and she nodded her head in agreement with what Louis said. This conversation is consistent with defense exhibits 4, 5, and 6, which were offered as evidence to show that plaintiffs denied having any proprietary rights to the disputed property in their dealings with the township.

Plaintiffs testified that the above conversation never took place, and they reiterate this denial on appeal. This Court defers, however, to a trial court's credibility determinations, MCR 2.613(C), and thus we accept the trial court's finding that defendants were credible when they testified about their visit to the campground. Based on this conversation from defendants' version of events, we are not left with a definite and firm conviction that the trial court made a mistake in finding that plaintiffs' use of the strip was permissive. *In re Bennett Estate*, 255 Mich App at 549. As permissive use of land cannot ripen into adverse possession, *King*, 235 Mich at 35, we affirm the trial court's determination that plaintiffs did not adversely possess the disputed property.

*Acquiescence.* Plaintiffs next argue that the trial court erred by concluding that plaintiffs did not acquire title by acquiescence. The touchstone of the doctrine of acquiescence "is the existence of an *agreed line or boundary*." *Wood v Denton*, 53 Mich App 435, 439; 219 NW2d 798 (1974). We agree with plaintiffs that their claim for acquiescence was based on a theory of acquiescence for the statutory period. See *Sackett v Atyeo*, 217 Mich App 676, 681; 552 NW2d 536 (1996). Under this theory, "[t]he doctrine of acquiescence provides that where adjoining property owners acquiesce to a boundary line for at least fifteen years, that line becomes the actual boundary line." *Killips v Mannisto*, 244 Mich App, 256 260; 624 NW2d 224 (2001). In other words, the parties must agree to treat a specific property line (either as-drawn in a survey or otherwise identified irrespective of a survey) as *the* property line demarcating plots of land. A claim of acquiescence does not require that the possession be hostile or without permission, but there must be agreement about the boundary line. *Walters*, 225 Mich App at 224.

As previously stated, the trial court found credible defendants' testimony regarding their visit to the campground on May 10, 2006. During that visit, Jim showed defendants the boundaries of the campground, in accordance with a survey known to all parties. At no point during this conversation is there any indication that the plaintiffs and defendants agreed to modify the boundary line from the one identified in the survey. Rather, plaintiffs merely asked for permission to use the defendants' soon-to-be-acquired property in the same manner as they

had done in the past. Plaintiffs' permissive use of their neighbors' land does not undermine the parties' understanding that the proper boundary lines were those depicted on the survey. Accordingly, plaintiffs' claim of acquiescence fails.

*Prescriptive Easement.* Plaintiffs claim that the trial court erred in not granting them a prescriptive easement. Because plaintiffs failed to brief the allegation of error concerning a prescriptive easement, the issue is abandoned. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

*Nuisance.* Plaintiffs also argue that the trial court erred in finding that defendants' outdoor wood burner and their failure to enforce the gravel road's speed limit were not nuisances. A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. *Adkins v Thomas Solvent Co*, 440 Mich 293, 302; 487 NW2d 715 (1992). An actor is subject to liability for a private nuisance if

> (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. [*Id.* at 304.]

Plaintiffs fail to present evidence or argument satisfying the necessary elements of a private nuisance. They make no showing that the invasion of smoke from defendants' outdoor wood burner or the invasion of dust from defendants' failure to enforce the posted speed limit resulted in significant harm, nor do they show that the invasions were either intentional and unreasonable or intentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. We affirm the trial court's verdict of no cause of action on the nuisance claim.

*Slander of Title.* On cross-appeal, defendants argue that the trial court, in analyzing their claim for slander of title, erred in finding that plaintiffs did not act with malice in recording the notice of claim of interest in real estate. Under Michigan law, malice is the crucial element in a slander of title claim. *Fed Nat'l Mortgage Ass'n v Lagoons Forest Condominium Ass'n*, 305 Mich App 258, 270; 852 NW2d 217 (2014). A plaintiff must present evidence of express malice, meaning the plaintiff must show that the defendant had the desire or intent to injure. *Id*. Malice is not present if the party's "claim under the [recorded notice] was asserted in good faith, upon probable cause, or was prompted by a reasonable belief that [the party] had rights in the real estate in question." *Id*. (internal citation and quotation marks omitted).

The trial court's finding that plaintiffs had a good faith belief in the validity of their claims for adverse possession or acquiescence was not clearly erroneous. Plaintiffs presented some evidence that since they bought their property in 1988 they treated the disputed property as their property. According to plaintiffs, they cleaned the property, built a seawall, filled swampy areas, and did extensive landscaping work. Plaintiffs testified that no one but them and their family members and friends used the strip for more than 20 years. Ultimately, the trial court found that plaintiffs had not proved their claims for title by adverse possession or acquiescence. Given, however, the evidence of plaintiffs' care and maintenance of the property for more than

20 years, we are not left with a definite and firm conviction that the trial court made a mistake in finding that plaintiffs' claim to ownership of the strip was asserted in good faith. We affirm the trial court's judgment of no cause of action on defendants' claim for slander of title.

*Frivolous Appeal.* Finally, defendants' request that plaintiffs be sanctioned for filing a frivolous appeal is not properly before us. See MCR 7.211(C)(8); MCR 7.216(C). Accordingly, we decline to address the request.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle