*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHERYL ANN KUZMA,

       Plaintiff-Appellee,

v

JOHN SCHNETTLER,

       Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No. 359071
Tuscola Circuit Court
LC No. 19-030883-CH

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

In this dispute between neighbors about an interest in real property, the trial court entered judgment in favor of plaintiff, Cheryl Ann Kuzma, and against defendant, John Schnettler, after a two-day bench trial. Specifically, the amended judgment entered on October 12, 2021, states that Kuzma "is the absolute owner, in fee simple, of the real estate described as Parcel '1' and Parcel '2' in exhibit A . . . free and clear of any right, title or interest of Defendant John Schnettler," who "shall cause to be removed the fence on the Western property line of Parcel '2'." The trial court based its decision upon the theory of acquiescence for the 15-year statutory period prescribed by MCL 600.5801(4). We affirm.

## I. FACTUAL BACKGROUND

Plaintiff and defendant own adjacent parcels of real property in Vasser Township, which is located in Tuscola County. Although the families that owned the parcels lived harmoniously for decades, this dispute arose in 2017 when defendant erected a fence that effectively laid claim to the disputed strip of land identified in plaintiff's trial exhibit 2 below:

-1-



RECEIVED by MCOA 4/13/2022 5:21:03 PM

Because the location of the fence differed from an old line of walnut trees that once demarcated the boundary line separating the parties' parcels, plaintiff filed a complaint to determine interests in land. Plaintiff asked the trial court to grant her title to the disputed strip based upon theories of boundary by acquiescence and adverse possession. Defendant responded with a counterclaim that sought an award of the disputed strip under theories of quiet title and adverse possession.

In September 2021, the trial court conducted a two-day bench trial that ended with findings of fact, conclusions of law, and a verdict rendered from the bench. After describing plaintiff's two theories of boundary acquiescence and adverse possession as "mutually exclusive," the court chose to award the disputed strip to plaintiff on her claim for boundary acquiescence. The court further explained that defendant could not rely upon the defense of laches, and the court concluded with an instruction to defendant to remove the fence that he had erected in 2017. The trial court issued a judgment on September 30, 2021, memorializing its decision, then replaced that judgment with an amended judgment on October 12, 2021. This appeal by defendant followed.

## II. LEGAL ANALYSIS

On appeal, defendant faults the trial court for awarding the disputed strip of land to plaintiff on her claim for boundary by acquiescence and for failing to address his counterclaim to quiet title. We review "the findings of fact by a trial court sitting without a jury under the clearly erroneous standard." *Walters v Snyder (After Remand)*, 239 Mich App 453, 456; 608 NW2d 97 (2000). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id.* "In contrast, we review a trial court's conclusions of law de novo." *Id.*

The trial court resolved the case in plaintiff's favor on a theory of acquiescence. "[A] claim of acquiescence to a boundary line based upon the statutory period of fifteen years" under MCL 600.5801(4) "requires merely a showing that the parties acquiesced in the line and treated the line

as the boundary for the statutory period, irrespective of whether there was a bona fide controversy regarding the boundary." *Walters v Snyder*, 225 Mich App 219, 224; 570 NW2d 301 (1997). "A claim of acquiescence does not require that the possession be hostile or without permission." *Id.* The plaintiff's burden on "a claim of acquiescence is proof by a preponderance of the evidence." *Id.* at 223. The trial court found that plaintiff satisfied that burden of proof with sufficient evidence that defendant's predecessors had acquiesced in the plaintiff's ownership of the disputed strip for more than 15 years. That finding of fact is not clearly erroneous on the trial record before us.

The trial court explained in its bench ruling that, "from 1959, at least, until 1999 when [a] survey was done, there's no testimony that there was ever any dispute about the property line." As the trial court found, a line of walnut trees served as the recognized boundary during that period. That line of walnut trees was augmented by an electric fence, as depicted in this photograph from 2003 that was introduced as plaintiff's exhibit 4:



The families that owned the adjacent parcels each had a garden on their side of the tree line, which they all understood as the boundary dividing their land. Although some of the walnut trees were cut down in the late 1960s when they began to rot, the property owners on both sides of the tree line continued to treat that line as the boundary between the two parcels. Each family mowed only on their side of that line, and each family's garden never crossed the tree line.

In 2016, plaintiff's husband passed away. In 2017, defendant erected a new fence that was west of the walnut trees and, therefore, well onto the property that plaintiff regarded as hers. The new fence is depicted in the following photograph that was introduced as plaintiff's exhibit 8:



The trial court found that that fence encroached upon land that the adjacent property owners had long recognized as plaintiff's parcel, so the trial court invoked the theory of acquiescence to award that recently contested strip of land to plaintiff and to direct defendant to remove the new fence.

"Michigan precedent . . . has not defined an explicit set of elements necessary to satisfy the doctrine of acquiescence[,]" but our "cases have merely inquired whether the evidence presented establishes that the parties *treated* a particular boundary line as the property line." *Walters*, 239 Mich App at 457-458. The trial court faithfully applied that analysis in reaching its conclusion as to the plaintiff's right to the contested strip by acquiescence. That outcome should not come as a surprise because "applicability of the doctrine [of acquiescence] commonly arises where adjoining property owners mistakenly treat a boundary line, typically a fence, as the property line." *Id.* at 458 (quotation marks omitted). Here, the trial court correctly treated the line of walnut trees that was augmented by an electric fence as the boundary by acquiescence. See *id.* ("the conduct of the parties establishes that while a precise line was never acknowledged, the boundary was understood to have run along a line approximated by the bushes").

Defendant complains that the trial court erred in relying upon plaintiff's land surveyor and failed to address defendant's counterclaim to quiet title. The surveyor's testimony had no bearing upon the trial court's findings on plaintiff's claim of acquiescence. As this Court and our Supreme Court have ruled, "a boundary line long treated and acquiesced in as the true line ought not to be disturbed on new surveys . . . ." *Id.*, quoting *Johnson v Squires*, 344 Mich 687, 692; 75 NW2d 45 (1956). Similarly, defendant's counterclaim to quiet title cannot serve as a basis for relief in light of the trial court's finding of fact that plaintiff is entitled to the disputed strip of land based upon acquiescence. To the extent that defendant seeks to quiet title, his counterclaim must fail because

" '[f]ifteen years' recognition and acquiescence are ample for this purpose.' " *Walters*, 239 Mich App at 458, quoting *Johnson*, 344 Mich at 692.

 Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates
