*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA STAPLES,

        Plaintiff-Appellee,

v

ANGELA WADE and DAVID WADE,

        Defendants-Appellants.

UNPUBLISHED
February 15, 2024

No. 364666
St. Clair Circuit Court
LC No. 21-001471-CZ

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

In this real property dispute, defendants appeal by right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of plaintiff. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff and her late husband purchased a home on Morris Road from the Mowers in 1977. All the parties agree that when plaintiff purchased the house, it was "land locked" in that it did not have direct access to Morris Road. Plaintiff's access, therefore, was by a private driveway that, at the time of the purchase, was depicted in a survey as being on her property. After defendants purchased the neighboring parcel in 2019 and new surveys of the properties were conducted, it was discovered that the driveway actually ran through defendants' property.

Plaintiff filed this action after she alleged that defendants began blocking her access to the driveway. In her complaint, plaintiff sought title to the driveway through adverse possession or the right to use the driveway through an easement by prescription. Plaintiff also sought a preliminary and permanent injunction prohibiting defendants from blocking access to the driveway and for an order granting an easement or quieting title over the driveway.

Plaintiff subsequently moved for summary disposition under MCR 2.116(C)(10), asserting she was entitled to a prescriptive easement or adverse possession over the driveway because her use of the driveway was continuous, hostile, and uninterrupted since 1977. Defendants opposed the motion, asserting that plaintiff could not show hostility because her use was permissive and

because plaintiff believed the road to be hers. The trial court granted the motion and, after denying defendants' motion for reconsideration, this appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). Summary disposition is proper under MCR 2.116(C)(10) when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action." *Zug Island Fuels Co, LLC v Dep't of Treasury*, 341 Mich App 319, 326; 989 NW2d 879 (2022) (quotation marks and citation omitted). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Id*. (quotation marks and citation omitted). "A court may only consider substantively admissible evidence actually proffered by the parties when ruling on the motion." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff first argues that the trial court erred when it failed to consider the testimony from the daughters of defendants' predecessor in interest, George Webb, who stated that plaintiff's use was permissive and, therefore, could not be "hostile." Webb, who owned the property neighboring plaintiff's property in 1977, had two daughters, Cherie Lazarus and Renee Anderson. In response to plaintiff's motion for summary disposition, defendants submitted affidavits from Lazarus and Anderson in which they stated that Webb "allowed the Mowers a variance to cross our property to get to the county road . . . ." On the basis of this statement from Lazarus and Anderson, defendants sought to defeat plaintiff's claim. For its part, the trial court considered the statements from Lazarus and Anderson to be inadmissible hearsay and, therefore, could not be considered for purposes of plaintiff's motion. We agree with the trial court and affirm its order.

As an initial matter, aside from the argument that the affidavits from Lazarus and Anderson demonstrated permissive use, defendants did not argue in the trial court that the affidavits were not based on hearsay or that an exception to hearsay applied. These arguments are unpreserved, see *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008), and are therefore waived. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 359090), slip op at 5.

Even if the issue were not waived, defendants' arguments are unpersuasive. Defendants first argue that the trial court erred when it concluded that the affidavits were not made on the basis of personal knowledge. Defendants correctly note that each of the Lazarus and Anderson affidavits begin with the statement that the affidavit was made on the affiant's personal knowledge. Thus, we agree with defendants to the extent the trial court meant to find that the affidavits, as a whole, were not made on the basis of personal knowledge. However, it is patently obvious that the trial court did not intend to make such a finding. Rather, it is apparent that the trial court was highlighting the fact that neither Anderson nor Lazarus were present when Webb purportedly gave permission to plaintiff's predecessor in interest. In other words, by stating they lacked personal

knowledge, the trial court found that the statements concerning Webb's purported grant of permission were hearsay.

In both the Anderson and Lazarus affidavits, the affiants stated that "[m]y father, George Webb, Jr., allowed the Mowers a variance to cross our property to get to the county road . . . ." Thus, the statement concerns a conversation between Webb and the Mowers concerning Webb's decision to permit the Mowers to cross the Webb's property, which is "statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Ykimoff v Foote Mem Hosp*, 285 Mich App 80, 105; 776 NW2d 114 (2009) (quotation marks and citation omitted). Accordingly, we disagree with defendants' assertion that the statements are not, themselves, hearsay.

The party opposing a motion for summary disposition under MCR 2.116(C)(10) must proffer substantively admissible evidence. *Zug Island Fuels*, 341 Mich App at 326. Hearsay is not substantively admissible unless an exception applies. MRE 802. To that end, defendants assert that the statements in the affidavits are admissible as a statement against interest under MRE 804(b)(4). Under that rule, a hearsay statement is admissible if the declarant is unavailable and is a statement that:

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

> (B) if the statement tends to expose the declarant to criminal liability and is offered to exculpate the accused, it must be supported by corroborating circumstances that clearly indicate its trustworthiness. [MRE 804(b)(4).]

The statements in the Lazarus and Anderson affidavits concerning the "variance" do not constitute statements against interest because the purported statement by Webb to the Mowers was not "so contrary to [Webb's] proprietary or pecuniary interest . . . ." See *id*. By purportedly granting the Mowers a variance, Webb was protecting his interests, not undermining them. See *Mulcahy v Verhines*, 276 Mich App 693, 702; 742 NW2d 393 (2007) ("Adverse or hostile use is use that is inconsistent with the right of the owner, without permission asked or given, that would entitle the owner to a cause of action against the intruder for trespassing."). Accordingly, there was no exception to the hearsay rule that applied, and the trial court did not err when it granted plaintiff's motion for summary disposition.

Next, defendants argue the trial court erred when it granted plaintiff's motion because plaintiff failed to demonstrate her entitlement to relief by clear and cogent evidence. In support, defendants assert that the location of the driveway has moved over the years and, thus, plaintiff failed to show continuous use for the prescriptive period. Defendants also assert the trial court erred because plaintiff's mischaracterizations of the evidence affected the trial court's ruling. We disagree.

"An easement by prescription results from use of another's property that is open, notorious, adverse, and continuous for a period of fifteen years." *Id*. at 699 (quotation marks and citation omitted). The easement "is based upon the legal fiction of a lost grant, and results from action or inaction leading to a presumption that the true owner of the land, by his acquiescence, has granted the interest adversely held." *Astemborski v Manetta*, 341 Mich App 190, 197; 988 NW2d 857 (2022) (quotation marks and citation omitted). "Thus, a prescriptive easement is no more than an unopposed, continuous trespass [on another's property] for 15 years." *Id*. at 198 (quotation marks and citation omitted; alteration in original).

"The burden is on the party claiming a prescriptive easement to show by satisfactory proof that the use of the defendant's property was of such a character and continued for such a length of time that it ripened into a prescriptive easement." *Mulcahy*, 276 Mich App at 699. Thus, the plaintiff must present "clear and cogent" evidence to demonstrate entitlement to a prescriptive easement. *Astemborski*, 341 Mich App at 199.

> "[C]lear and cogent evidence" is more than a preponderance of evidence, approaching the level of proof beyond a reasonable doubt. That is to say, the standard is much like "clear and convincing evidence." Thus, in an adverse possession case, for a party to establish possession by "clear and cogent evidence," the evidence must clearly establish the fact of possession and there must be little doubt left in the mind of the trier of fact as to the proper resolution of the issue. Thus, where there is any reasonable dispute, in light of the evidence, over the question of possession, the party has failed to meet his burden of proof. [*Id*. at 199, quoting *McQueen v Black*, 168 Mich App 641, 642 n 2; 425 NW2d 203 (1988) (citations omitted).]

On appeal, defendants do not take issue with a particular element plaintiff was required to show, but rather challenge the finding that plaintiff's evidence met the clear and cogent standard. First, defendants point to purported mischaracterizations by plaintiff over the age of the driveway and whether she ever intended to move the driveway. Defendants fail to explain, however, how either of the facts, even if true as described by defendants, has any relevance to whether plaintiff satisfied her burden to show by clear and cogent evidence the elements of a prescriptive easement. For example, whether the driveway was 100 years old or 86 years old was not relevant to any element plaintiff was required to show, since neither party disputed that plaintiff used the road for the prescriptive period. Similarly, whether or not plaintiff intended to move the driveway at some point since the 1970s is not relevant to any element plaintiff was required to show, and the simple fact the driveway moved is, standing alone, not indicative of plaintiff's intent.

Plaintiff was required to show by clear and cogent evidence that she had unopposed and continuous trespass on the Wade Property for 15 years. In her affidavit, plaintiff stated she owned the Staples Property since 1977, which had always been accessed by a private driveway from her home to Morris Road. Plaintiff asserted that she "maintained continuous possession and use of the private lane in a manner that is open, notorious, and adverse to the rights of the neighboring property owner," including "maintain[ing] [the] driveway and lawn . . . ." None of the substance of these facts were disputed by defendants, with the exception of whether plaintiff's predecessor in interest was given a "variance" by Webb, and none of the issues raised by defendants undermine any of the elements plaintiff was required to show.

Defendants also assert that plaintiff's evidence was not clear and cogent because the driveway in question slowly moved over the years. This argument, however, was not raised below by defendants until filing their motion for reconsideration. As a result, defendants failed to preserve the argument for appeal, see *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009), and the issue is waived. *Tolas Oil & Gas*, ___ Mich App at ___; slip op at 5. But even if defendants had not waived the argument, it nevertheless lacks merit.

Without any citation to record evidence, defendants assert there is "little question that the Disputed Drive has migrated eastward onto Appellant's property over the years." Thus, defendants claim there is a question of fact as to where the driveway existed for the last 15 years, and the trial court should not have granted a prescriptive easement on the basis of the most recent survey. Defendants' assertions, however, are contrary to their own affiant, Robert J. Arnold, Jr., a licensed professional surveyor, who stated in his affidavit submitted in response to plaintiff's motion for summary disposition that "the Gravel Driveway and Private Lane depicted on my 2019 Survey are depicted as they were in the 1988 Survey done by Surveyor Jerry James for the Webbs." Thus, according to Arnold's testimony, the location of the driveway had not changed for the last 34 years, far longer than the required prescriptive period of 15 years. See MCL 600.5801(4); *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 501 Mich 192, 195-196; 912 NW2d 161 (2018).

Affirmed. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan